■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMEEN McFADDEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to assert the privilege against self-incrimination as a basis for his pretrial motion to preclude the prosecution from cross-examining him regarding pending unrelated criminal charges. His present contention that the trial court committed reversible error in permitting such examination, therefore, was not preserved for appellate review (see, People v Pavao, 59 NY2d 282, 292, n 3; People v Keating, 159 AD2d 977, lv denied 76 NY2d 737; cf., People v Betts, 70 NY2d 289), and we decline to reach that issue in the interest of justice. Were we to reach the issue, we would find any error to be harmless (see, People v Crimmins, 36 NY2d 230, 237). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COOPER, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied effective assistance of trial counsel due to an alleged conflict of interest and of appellate counsel due to undue delay in perfecting his appeal. Because the allegations raised on these issues involve matters which are foreign to the stipulated record, they may not be considered on direct appeal (see, People v Ores, 108 AD2d 931; People v Roberts, 89 AD2d 912). All other issues raised on appeal were addressed in People v Green (170 AD2d 1024, lv denied 78 NY2d 966). (Appeal from Judgment of Erie County Court, Dillon, J.— Criminal Facilitation, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.