■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COOPER, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same Memorandum as in *People v Cooper* ([appeal No. 1] 178 AD2d 971 [decided herewith]). (Appeal from Judgment of Erie County Court, Dillon, J.—Attempted Criminal Facilitation, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COOPER, Appellant. (Appeal No. 3.)—Judgment unanimously affirmed. Same Memorandum as in *People v Cooper* ([appeal No. 1] 178 AD2d 971 [decided herewith]). (Appeal from Judgment of Erie County Court, Dillon, J.—Attempted Criminal Facilitation, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAKE R. SIMMONS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his judgment of conviction should be reversed because the prosecutor's notice informing him that a Grand Jury proceeding against him was about to occur failed to inform him that the Grand Jury would consider the charge of attempted murder in the second degree in addition to the charges of assault in the first degree and robbery in the second degree. That failure does not warrant reversal. A defendant is not entitled to notice of a contemplated or pending Grand Jury proceeding unless he has been arraigned in a local criminal court upon a felony complaint which has not been disposed of in the local court (CPL 190.50 [5] [a]). Here, defendant was not entitled to notice because the felony complaint was disposed of in the local criminal court when defendant waived a preliminary hearing *(see, People v Otello,* 48 AD2d 169, 170; *People v Talham,* 41 AD2d 354, 356). Moreover, when notice is required to be given, that notice need not inform the defendant of all of the possible charges that the Grand Jury is likely to consider. The statute requires that the prosecutor give notice of "the prospective or pending grand jury proceeding" (CPL 190.50 [5] [a]). This requirement is met where the notice gives defendant some idea of the " 'nature and scope of the Grand Jury's inquiry' " *(People v Martinez,* 111 Misc 2d 67, 69; *see also, People v Natoli,* 112 Misc 2d 1069, 1071). The offense or offenses for which the Grand Jury might have indicted defendant were not limited to those designated in the felony complaint. The underlying criminal conduct was clearly set forth in the felony complaint and defendant should have been