■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY GOODSON, Also Known as BARRY WILLIAMS, Appellant.

After being placed under arrest for stealing money from the complainant's pants pocket, defendant was given his *Miranda* rights by the police on the scene. Ten to fifteen minutes later, on the way to the precinct, defendant made an inculpatory statement in response to a question regarding his unapprehended accomplices. A motion by defendant to suppress this statement having been denied, defendant requested the trial court to charge the jury on the issue of voluntariness pursuant to CPL 710.70, which request was denied. No error was thereby committed. A trial court is required to charge on voluntariness only if an issue has been raised at the trial by a proper objection and there is evidence sufficient to create a factual dispute *(People v Cefaro,* 23 NY2d 283, 288-289). No such evidence was adduced here.

Defendant's contention that several comments in the prosecutor's summation deprived him of a fair trial is unpreserved for failure to object thereto at trial (CPL 470.05 [2]; *People v Montrose,* 155 AD2d 376, *lv denied* 75 NY2d 870). Concur— Murphy, P. J., Ellerin, Wallach and Smith, JJ.