■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY WATTS, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered June 27, 1989, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of imprisonment of 20 years to life, unanimously affirmed.

Six eyewitnesses testified at trial that defendant became quite angry with the victim, a 21-year old long-time acquaintance, because he made a derogatory comment regarding defendant's fiancée. Defendant's angry words quickly escalated to forceful punches to the victim's head and face, knocking him to the ground and causing his head to hit the concrete. As the victim attempted to block further blows, defendant repeatedly punched the victim, slamming his head against the concrete and rendering him unconscious. Despite attempts by the eyewitnesses to stop defendant's attack, defendant then viciously kicked the victim in the chest, neck and face as he lay motionless on the ground. Leaving the scene, defendant directed the bystanders to tell the victim that it was he who had caused the victim's injuries. Defendant's fiancée testified that defendant said "I hope he dies."

Emergency medical personnel summoned to the scene found the victim lying unconscious in a pool of blood, and administered CPR when they discovered that the victim had no pulse. Despite extraordinary medical measures administered by hospital personnel, the victim could not be resuscitated.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of murder in the second degree, under the properly charged depraved indifference to human life standard, is amply supported *(see, People v Bleakley,* 69 NY2d 490).

Following a full evidentiary hearing, the trial court properly exercised its discretion in allowing admission of three out of eight offered photographs depicting certain of the victim's injuries. Although eyewitness testimony regarding the attack was overwhelming, differing opinions were expressed as to location and number of punches and kicks delivered by defen-

dant. Clearly, the extent of force employed by defendant was an essential element to be considered by the jury, and was otherwise presented through testimony of a medical expert utilizing numerous technical terms unfamiliar to most lay persons. Thus, the court appropriately determined that the selected photographs, showing only the head and face injuries, were not unduly prejudicial and would greatly assist the jury in its crucial factual determinations *(see, e.g., People v Bell,* 63 NY2d 796). Concur—Milonas, J. P., Kupferman, Ross, Asch and Rubin, JJ.