OPINION OF THE COURT
John V. Rogowski, J.
This is a CPL article 440 motion by defendant to set aside his convictions in three drug-related cases. He contends that his constitutional right to effective representation by trial counsel was violated because the attorney assigned to handle his cases was, throughout the period of that representation, also a part-time town prosecutor designated as an Assistant District Attorney of this County. The People, while generally *484 acknowledging the factual correctness of defendant’s argument, insist that counsel’s position did not deprive defendant "of his 'right to both the fact and appearance of unswerving and exclusive loyalty’ (People v Shinkle, 51 NY2d 417, 421)”.
An evidentiary hearing having been held to amplify the facts essential to determining defendant’s motion, I find and decide as follows.
I
Defendant was indicted in all three cases on March 6, 1987, and on March 20, 1987 Mark Adrian was assigned to represent him. At the time, and while he represented defendant, Adrian was (and had been since 1982) a part-time town prosecutor in the Town of West Seneca. According to Adrian, his duties were limited to the prosecution of violations of State law, exclusive of misdemeanors and felonies, and violations of town ordinances, and it was necessary for the District Attorney to grant him the authority to prosecute in the town.[1] Adrian’s commission from the District Attorney provided, insofar as relevant here, as follows:
'% Richard J. arcara, District Attorney for the County of Erie, pursuant to the provisions of Section 20-2(a) of the Town Law, do hereby designate and appoint mark Adrian, an Attorney and Counselor-at-Law of the Town of West Seneca, New York, as an Assistant District Attorney for the purpose of and limited to the prosecution of all traffic violations, not including misdemeanors; also the prosecution of violations of the Town Ordinance; and the prosecution of violations of the Penal Law, which do not include felonies and misdemeanors.
"This designation shall continue in effect until it shall be duly revoked by me or sooner terminated by the appointee’s resignation or expiration of his term of appointment by the Town Board of the Town of West Seneca.” (Emphasis added.)
Jury selection began on indictment No. 87-0013-001 on *485 March 2, 1988.[2] According to court records, the court recessed at 5:10 p.m. that day. Defendant was arrested as he left the courtroom on an unrelated outstanding misdemeanor matter pending in West Seneca.[3] The West Seneca court docket sheet for the case indicates that defendant was arraigned the evening of March 2, 1988 and the prosecutor was a full-time member of the District Attorney’s office. Coincidentally, Adrian, who was filling in for another part-time town prosecutor that night, was present in the courtroom when defendant was arraigned. He told the court that he represented defendant in County Court but not on the West Seneca case. However, in order to facilitate consultation with defendant during the ongoing County Court trial, Adrian asked the court to release defendant. That request was granted. Although he was not assigned to represent defendant in West Seneca, Adrian was nevertheless listed as defendant’s attorney on the court docket sheet.
Defendant’s jury trial under indictment No. 87-0013-001 resulted in his conviction on March 15, 1988 for criminal facilitation in the second degree. Prior to sentencing, defendant pleaded guilty under each of two companion indictments to attempted criminal facilitation in the second degree, with the understanding that he would receive concurrent sentences on all three cases. As part of the plea bargain, the misdemeanor West Seneca charge was dismissed. On April 27, 1988, defendant was, in fact, sentenced to three concurrent indeterminate terms of imprisonment. In affirming defendant’s convictions, the Appellate Division, Fourth Judicial Department, did not reach defendant’s claim that he had been denied the effective assistance of counsel since it involved matters dehors the appellate record (cf., People v Cooper, 178 AD2d 971).
II
"It is indisputable that one accused of committing a crime is entitled to the effective assistance of counsel. Such right is guaranteed by both the Federal and State Constitutions, and by State statute (US Const, 6th Arndt; NY Const, art I, §6; CPL 210.15, subd 2), and courts must remain ever vigilant in *486 their duty to ensure that a defendant receives effective legal representation.” (People v Macerola, 47 NY2d 257, 262.) Especially sensitive and troublesome is a claim that defendant has been denied the effective assistance of counsel because defense counsel’s representation involved him in an actual or potential conflict of interest. Such a conflict may occur in a variety of ways (cf., e.g., People v Wandell, 75 NY2d 951 [representing defendant and concurrent representation of the chief prosecution witness on an unrelated civil case]; People v Lombardo, 61 NY2d 97 [representing defendant and prior representation of the chief prosecution witness]; People v McDonald, 68 NY2d 1 [representing defendant and the crime victim]; People v Mattison, 67 NY2d 462 [representing defendant, where chief prosecution witness is a codefendant whose plea bargain (including the promise to testify against defendant) was negotiated by defense counsel’s law partner]). Most relevant to the present motion are those cases which focus not only on an impermissible conflict of interest but also on the appearances of impropriety.
In People v Shinkle (supra), defendant’s attorney had joined the District Attorney’s office after the initial stages of the case. Although efforts were made in the prosecutor’s office to isolate counsel from any contact with the case while it was being tried, and although there was no showing by defendant of actual prejudice, the Court of Appeals nevertheless reversed defendant’s conviction: "Defendant, and indeed the public at large, are entitled to protection against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight (cf. People v Zimmer, 51 NY2d 390; Greene v Greene, 47 NY2d 447; Cardinale v Golinello, 43 NY2d 288; People v De Freese, 71 AD2d 689, 690 [dissenting opn by Mr. Justice James D. Hopkins]; ABA Standards Relating to Prosecution Function, §1.2; subds [a], [b], par [iii]; Code of Professional Responsibility, canon 9).” (People v Shinkle, supra, at 421 [emphasis added]; cf. also, People v Sawyer, 57 NY2d 12.)
Until 1982, it had been the unvarying ethical norm that it was improper for a part-time local prosecutor "to represent individual clients charged with criminal violations * * * Acting as a prosecutor on one case on one day, and appearing the next day even in a different court representing a private citizen who had been charged with a criminal act or violation of law would give rise to an appearance of an improper conflict of interest.” (1971 Opns NY St Bar Assn, Professional Ethics *487 Comm No. 184 [emphasis added].) That position was modified somewhat in 1982 (cf., 1982 Opns NY St Bar Assn, Professional Ethics Comm No. 544), and reiterated (as modified) in 1984:
“After an extensive review of the authorities, including six of our prior opinions on the subject, we determined [in Opn No. 544] that a part-time prosecutor could 'undertake a criminal defense without conflict of interest or appearance of impropriety’ provided:
" XV his statutory or other responsibility to prosecute criminal proceedings on behalf of the locality does not require him, in any case, to prosecute any crimes or offenses designated as such by the Penal Law or any other law enacted by the Legislature of the State of New York, (2) the defense does not require him to appear before a judicial [officer] or other official of the locality he publicly represents, (3) the local government unit by which he is employed, or a violation or a construction of one of its ordinances, is not involved, (4) the offense charged is unlike any of those which he prosecutes, and (5) the investing officers and law enforcement personnel involved are not those with whom he associates as prosecutor.’
"Absent satisfaction of the foregoing five qualifications, the part-time prosecutor is forbidden to undertake a criminal defense case anywhere in the State of New York. ” (1984 Opns NY St Bar Assn, Professional Ethics Comm No. 564 [emphasis added].)
Here, Defense Attorney Adrian’s responsibility to prosecute violations arising under the Penal Law (efi, Penal Law § 10.00 [1], [3]) in the Town of West Seneca meant that he could not satisfy the first of the five ethical criteria which he was required to meet in order to handle criminal defense matters without conflict of interest or appearance of impropriety. This being so, Adrian was 'forbidden to undertake a criminal defense case anywhere in the State of New York. ” (1984 Opns NY St Bar Assn, Professional Ethics Comm No. 564 [emphasis added].)
I find, therefore, that Adrian’s representation of defendant at the same time as he was a part-time prosecutor for the Town of West Seneca constituted an obvious and actual conflict of interest. And, “even if the actuality or potentiality of prejudice were absent, what of the appearance of things (see Code of Professional Responsibility, Canon 9)?” (People v Zimmer, 51 NY2d 390, 395.)
*488 Defendant was arrested on the outstanding West Seneca charges the day after he told Adrian about that case. Defendant is convinced that the timing and manner of his arrest is the direct result of what he believes were his attorney’s discussions with the West Seneca authorities. Although there is no proof that defendant’s speculation has any underlying validity, and although this court has no reason to believe that Adrian did not hold defendant’s communication in strictest confidence, the fact remains that the entire arrest and arraignment scenario on the West Seneca charges proves the validity of the concerns that even the appearances of impropriety must be avoided. Here, they were not.
Because I conclude that defendant was denied his constitutional "right to both the fact and appearance of unswerving and exclusive loyalty” (People v Shinkle, supra, at 421) on the part of his assigned attorney in each of these three cases, his convictions must be, and they hereby are, vacated and set aside (cfi, CPL 440.10 [1] [h]), and the indictments are hereby transferred to the Supervising Judge for Criminal Justice so that they may be reassigned for such further proceedings as may be required thereon; and the information against defendant in the Town of West Seneca which was dismissed as part of the plea bargain under indictment Nos. 87-0013-002 and 87-0013-003 is hereby reinstated, and that case is returned to the Justice Court of the Town of West Seneca for further proceedings thereon.[4]

. The requirement for a commission from the District Attorney flows from that constitutional officer’s duty to conduct "all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected” (County Law § 700 [1] [emphasis added]; cf. also, People v Di Falco, 44 NY2d 482, 486). While the District Attorney may, as here, defer prosecution of petty offenses to local prosecutors, he must nevertheless, as Adrian testified, properly empower such local prosecutoifs) to act pursuant to specific appointment and delegation of appropriate prosecutorial authority (cf., Matter of Schumer v Holtzman, 60 NY2d 46).

. This was the second trial of the indictment. A mistrial was declared on February 1, 1988 during jury selection for the first trial.

. Defendant had discussed the West Seneca case with Adrian the day before he was arrested, after he had learned from relatives that such a case existed and that an arrest warrant was outstanding.

. Because I have decided this motion on defendant’s right to counsel ground, I reach no other issue raised by defendant for vacatur and express no opinion as to the merits of such other claims.