(January 19, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND LUIS, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J., at suppression hearing; George Covington, J., at trial), rendered September 11, 1991, convicting the defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and sentencing him as a predicate violent felony offender, to an indeterminate term of imprisonment of from three and one-half to seven years, unanimously reversed, on the law, the facts and in the exercise of discretion, and a new trial is ordered.

The defendant was arrested after police officers saw him on a street with a pistol protruding from his pocket. At the conclusion of a hearing, the Supreme Court denied the defendant's motion to suppress the pistol and a statement he allegedly made to police officers after his arrest.

At trial, Police Officer Armando Rodriguez testified that after he and his partner Officer James Crowe saw the defendant with the pistol, they grabbed him, seized the weapon and handcuffed him behind his back. While transporting the defendant to the forty-sixth Precinct, Officer Crowe saw another man with a gun and told Rodriguez to stop the car. After Rodriguez seized an automatic pistol from this second individual, he, too, was arrested and placed in the back of the officers' unmarked vehicle with the defendant.

After obtaining pedigree information, the officers brought the defendant to Detective Gerald Garofalo for questioning. The defendant allegedly waived his *Miranda* rights *(Miranda v Arizona,* 384 US 436) and signed a form to that effect. The detective testified that the defendant told him that he had purchased the gun for $250 and tested it by firing one shot from the roof of his sister's house. He also told the detective that the police found the gun on the seat of the car he had been riding in but then changed the statement to indicate that the gun had been recovered from his pocket.

Defense counsel, on cross-examination of the People's witnesses, elicited the facts that the defendant was in custody for four hours before he was advised of his *Miranda* rights, that Garofalo, rather than the defendant himself, wrote down the statement and that the confession was not videotaped. Counsel also established that the defendant was handcuffed to a chair in a six foot by six foot cubicle when Garofalo took his statement after previously having been chained to a bench.

Defense counsel requested a jury charge concerning the voluntariness of the defendant's confession and a charge pertaining to his contention that he never made the statement at all. The Supreme Court denied the request that the jurors be instructed to disregard the defendant's statement if they determined that it was involuntary. Following summations and the charge to the jury, the defendant was convicted of criminal possession of a weapon in the third degree.

We agree with the defendant that the Supreme Court erred in denying his request for a charge concerning the voluntariness of his confession. A defendant is entitled to a charge regarding a claimed defense, even if it is inconsistent with

some other defense, or with the defendant's outright denial that he was involved with the crime *(People v Butts,* 72 NY2d 746; *People v Padgett,* 60 NY2d 142; *People v Dawson,* 173 AD2d 262, *lv denied* 78 NY2d 965). Moreover, notwithstanding an adverse pretrial ruling, a defendant may at trial establish that his statement was involuntarily made (CPL 710.70 [3]; *People v Graham,* 55 NY2d 144). The trial court must charge on voluntariness if an issue has been raised at trial by proper objection and if there is evidence sufficient to create a factual dispute *(People v Cefaro,* 23 NY2d 283; *People v Goodson,* 179 AD2d 584, *lv denied* 79 NY2d 1001; *People v Betances,* 165 AD2d 754, *lv denied* 76 NY2d 1019).

The issue was preserved by proper objection and there was a showing of evidence of involuntariness sufficient to raise a factual dispute. The prosecution witnesses testified that the defendant was in custody for four hours before being advised of his rights, that he was handcuffed to a chair and that he was questioned in a small cubicle in the presence of at least six police officers. The Assistant District Attorney disputed the contention that these conditions rendered the defendant's statement involuntary and the Trial Judge, in denying the charge request, expressed his opinion that the defense argument was "nonsense" based on his belief that the defendant had been treated in the same manner as all other prisoners. " 'But if the evidence presents a fair question as to its* [the confession's] *voluntariness, as where certain facts bearing on the issue are in dispute or where reasonable men could differ over the inferences to be drawn from undisputed facts, the judge "must receive the confession and leave to the jury, under proper instructions, the ultimate determination of its voluntary character and also its truthfulness." Stein* v. *New York,* 346 U.S. 156, 172. If an issue of coercion is presented, the judge may not resolve conflicting evidence or arrive at his independent appraisal of the voluntariness of the confession, one way or the other. These matters he must leave to the jury' ". *(People v Cefaro, supra,* at 286, quoting *Jackson v Denno,* 378 US 368, 377-378.)

The refusal to instruct the jury, as requested, requires a new trial. The error is not harmless. The provisions of CPL 710.70 (3) are mandatory and the jury was deprived of any instructions regarding the standards to apply in evaluating the defendant's claim that his statement was coerced *(People v Iglesia,* 96 AD2d 515; *People v Gibson,* 89 AD2d 859).

In addition, we note that the trial court erroneously sustained objections of the Assistant District Attorney during

defense counsel's summation, precluding her from drawing favorable inferences from evidence in the record *(see, People v Walker,* 110 AD2d 730, *affd* 67 NY2d 776). Specifically, the court precluded defense counsel from arguing that the jury should doubt whether the defendant ever made the statement to the police because the officers never videotaped it, nor did they have the defendant write it down himself. The court did, however, overrule defense counsel's objection to the Assistant District Attorney's comment that it would be too costly to videotape every confession.

Closing argument is a basic element of the defense *(Herring v New York,* 422 US 853; *People v Brown,* 136 AD2d 1, 16, *lv denied* 72 NY2d 857, *cert denied* 488 US 897). The right to make an effective closing argument is impaired when counsel is unjustifiably limited while making appropriate comments on matters of evidence adduced at the trial *(People v Brown, supra; People v Reina,* 94 AD2d 727).

The court erred in sustaining the Assistant District Attorney's objections since the comments of defense counsel pertained to matters of fact bearing upon the questions the jury was to decide *(People v Ashwal,* 39 NY2d 105). The limitation on the comments regarding the statement the defendant allegedly made to the police was particularly egregious in light of the court's refusal to charge the jury on its voluntariness. The defendant was thus limited to one argument, that he never made the statement, yet the court precluded his attorney from fully exploring this with the jury. Despite defense counsel's failure to move for a mistrial or to voice an objection to the court's rulings, a review in the interest of justice is warranted.

The failure to charge as requested and the limitations imposed on defense counsel's summation require a new trial of this matter. In view of the foregoing, we do not reach the defendant's contention regarding the sentence imposed. Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.