*307 OPINION OF THE COURT
Mario J. Rossetti, J.
The defendant has moved pursuant to CPL 440.10 to vacate his judgment entered on September 8, 1992 on the grounds that it was obtained in violation of his right to counsel as guaranteed under the Federal and State Constitutions. The gravamen of defendant’s contention is that, since his trial attorney was throughout the proceeding also the Village Prosecutor for the Village of Blasdell, his right to counsel was violated pursuant to People v Shinkle (51 NY2d 417), People v Cooper (156 Misc 2d 483) and the New York State Bar Association Committee on Professional Ethics (1982 Opns NY St Bar Assn Comm on Prof Ethics No. 544).
FINDINGS OF FACT
The facts as alleged in the affidavits of Assistant District Attorney Roger W. Wilcox, Jr., and defendant’s assigned attorney Daniel J. Henry, Jr., Esq., have been stipulated by defendant as being accurate, thereby avoiding the necessity of a factual hearing.
Defendant was indicted on August 16, 1991 for charges stemming from a sexual assault upon two minor females and culminating in his conviction on all counts, by jury verdict, and subsequent sentence on September 8, 1992 to an aggregate indeterminate period of incarceration of 52% to 148 years. Daniel J. Henry, Jr., Esq. was assigned to represent the defendant on this indictment, which included preparation and argument of omnibus motions, conducting hearings granted pursuant to same, as well as representing defendant at trial.
At all times during the prosecution of this indictment, Mr. Henry held the position of Village Prosecutor for the Village of Blasdell, having been appointed to same by the Village Board effective April 1, 1991 and terminated by the Board as of April 4, 1993. To comply with State law, the appointment required that he be designated as a Village Prosecutor by the Erie County District Attorney (Village Law § 20-2006; County Law § 700 [1]). The designation, executed on April 1, 1991, limits Mr. Henry’s authority "to the prosecution of all traffic violations, not including misdemeanors; also the prosecution of violations of the Village Ordinance, and the prosecution of violations of the Penal Law, which do not include felonies and misdemeanors”.
Other than the issuance of the aforesaid statutory designa *308 tian, the District Attorney had no involvement, input, or review of the qualifications of the appointee, which are solely within the province and authority of the Village Board.
As Village Prosecutor, Mr. Henry was not an employee of the Erie County District Attorney as his salary, office, staff, and all other resources were supplied and furnished by the Village and not by the District Attorney. Additionally, Henry’s position as Village Prosecutor was completely autonomous and independent of the District Attorney. He had no access to the District Attorney’s files, investigative personnel, or other resources, nor did the District Attorney have access to Henry’s files. The District Attorney did not supervise or influence Henry in the performance of his duties as Village Prosecutor, nor did Henry confer with or receive any advice or assistance from the District Attorney. Other than the pro forma designation, there was absolutely no connection or relationship between the Erie County District Attorney’s office and the Blasdell Village Prosecutor.
The District Attorneys throughout the State have determined that, due to the limited personnel and financial resources at their disposal, it would be impossible and impractical to undertake the prosecution of "violations”[1] occurring within the municipalities of the respective counties. The implementation, therefore, of the procedure delegating limited prosecutorial authority would fill this void and clearly insure the prosecution of these "violations” within said local municipalities.
It is noteworthy that this court found Mr. Henry’s representation of defendant in this complex and demanding case to be outstanding and beyond reproach. No conflict, or any other impropriety, was apparent to this Justice, who found Mr. Henry’s representation of defendant to be manifested by nothing less than an uncompromising and unswerving dedication to his client. Furthermore, throughout this proceeding nothing was said or done by either Mr. Henry or Ms. Anne Adams, the prosecuting Assistant District Attorney, which provided this court with any indicia whatsoever that Mr. Henry was a Village Prosecutor, or that in representing their respective clients they were anything but zealous adversaries.
*309 ISSUE
Defendant’s argument is not complex. He succinctly contends that, although Mr. Henry may have provided the most competent, professional, and ethical representation possible, the mere fact that he was a Village Prosecutor with the authority to prosecute "violations” of State law, even without any actual indicia of impropriety, created an appearance of impropriety necessitating vacation of his judgment. As authority, defendant cites People v Shinkle (51 NY2d 417), People v Cooper (156 Misc 2d 483, supra), and the New York State Bar Association Committee on Professional Ethics (1982 Opns NY St Bar Assn Comm on Prof Ethics No. 544).
PART I — PEOPLE V SHINKLE
Shinkle (supra) involved a Public Defender who, after initially representing defendant and participating actively in the preparation of his defense, changed employment to become Chief Assistant District Attorney in the office then prosecuting defendant’s case. The Court of Appeals held that, even though precautionary measures were taken to insulate the former Public Defender from any involvement with defendant’s case, and although no actual prejudice was found, these facts "inescapably gave both defendant and the public the unmistakable appearance of impropriety and created the continuing opportunity for abuse of confidences entrusted to the attorney during the months of his active representation of defendant” (People v Shinkle, 51 NY2d, at 420 [emphasis added]).
The facts of Shinkle (supra), defendant concedes, are readily distinguishable from the case at bar. In Shinkle, the former Public Defender discontinued the defendant’s representation to join the office with the duty and responsibility to prosecute defendant. The switch of allegiances was not only apparent, but actual and complete. The former Public Defender was on the District Attorney’s payroll and had complete access to the prosecutor’s files and resources. Based upon such facts, the appearance of impropriety, with its attendant potential for abuse of client confidences, and the public perception of same, was too inescapable to be tolerated.
Defendant does not, however, rely solely on the specific facts and holding in Shinkle (supra), but also on the supporting dictum. In explaining its holding, Shinkle stated that "[defendant, and indeed the public at large, are entitled to protection *310 against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight” and, further, that defendants have "the right to both the fact and appearance of unswerving and exclusive loyalty on the part of attorneys who represent them” (People v Shinkle, 51 NY2d, at 421). This dictum, defendant argues, establishes that the mere fact that Mr. Henry acted as a part-time Village Prosecutor with the authority to prosecute Penal Law "violations” created the appearance of impropriety prohibited by Shinkle.
PART II — PEOPLE v COOPER
To support the application of Shinkle (supra) to the facts of the case at bar, defendant cites the Erie County Court case of People v Cooper (156 Misc 2d 483, supra), and its reliance upon the New York State Bar Association Committee on Professional Ethics, Opinion 544 (1982 Opns NY St Bar Assn Comm on Prof Ethics No. 544). The Cooper court held that the part-time Town Prosecutor’s representation of defendant therein constituted an obvious and actual conflict of interest, thereby denying defendant his constitutional " 'right to both the fact and appearance of unswerving and exclusive loyalty’ ” (People v Cooper, 156 Misc 2d, at 484).
Cooper (supra) placed heavy reliance on the fact that the part-time prosecutor had the authority to prosecute Penal Law "violations” and, therefore, could not satisfy the first of five ethical criteria required by Ethics Opinion 544 before he could handle criminal defense matters without a conflict of interest or appearance of impropriety. Citing New York State Bar Association Committee on Professional Ethics, Opinion 564 (1984 Opns NY St Bar Assn Comm on Prof Ethics No. 564), Cooper concluded that the Town Prosecutor was thereby " forbidden to undertake a criminal defense case anywhere in the State of New York’ ” (People v Cooper, 156 Misc 2d, at 487).
The defendant’s attorney in Cooper (supra) was the Town Prosecutor in the town in which defendant was arrested and arraigned during the pendency of the superior court prosecution. Said attorney, in fact, interceded on behalf of the defendant and obtained defendant’s release by the Town Judge. Additionally, the facts surrounding defendant’s apprehension on the Town Court charges created an appearance that defendant’s attorney was, intentionally or not, somehow involved.
This court concurs with Cooper’s finding that, under those *311 facts, an appearance of impropriety existed in violation of defendant’s right to counsel as enunciated in Shinkle (supra), but not, however, with its conclusion that a per se violation of Shinkle occurs whenever a part-time Town or Village Prosecutor, with the authority to prosecute Penal Law “violations,” undertakes a criminal defense case in New York State (citing 1982 Opns NY St Bar Assn Comm on Prof Ethics No. 544; 1984 Opns NY St Bar Assn Comm on Prof Ethics No. 564).
PART III — NEW YORK STATE BAR ASSOCIATION ETHICS COMMITTEE OPINIONS 544 AND 564
In earlier opinions, the Ethics Committee has consistently concluded that it was improper for a Town or Village Prosecutor to represent criminal defendants (1971 Opns NY St Bar Assn Comm on Prof Ethics No. 184; 1970 Opns NY St Bar Assn Comm on Prof Ethics Nos. 130, 149, 152, 171; 1968 Opns NY St Bar Assn Comm on Prof Ethics Nos. 82, 99; 1967 Opns NY St Bar Assn Comm on Prof Ethics No. 52; 1966 Opns NY St Bar Assn Comm on Prof Ethics No. 40).
The Committee, in Opinion 544, reassessed its prior opinions and recognized that Village or Town Prosecutors in performing their duties act on behalf of the local municipality which employs them rather than on behalf of the State, and, therefore, modified its per se prohibition by permitting said representation if certain criteria were satisfied as follows: "(1) his statutory or other responsibility to prosecute criminal proceedings on behalf of the locality does not require him, in any case, to prosecute any crimes or offenses designated as such by the Penal Law or any other law enacted by the Legislature of the State of New York, (2) that the defense does not require him to appear before a judicial [officer] or other official of the locality he publicly represents, (3) the local government unit by which he is employed, or a violation or construction of one of its ordinances, is not involved, (4) the offense charged is unlike any of those which he prosecutes, and (5) the investigating officers and law enforcement personnel involved are not those with whom he associates as prosecutor” (emphasis added).
Defendant contends, in essence, that, since the designation of Mr. Henry as Village Prosecutor, by its own terms, requires prosecution of "violations” of the Penal Law in the Village of Blasdell, he cannot satisfy the first of said ethical criteria and, therefore, is prohibited from handling criminal defense mat *312 ters anywhere in the State of New York.[2] The adoption of the first criteria is a reflection of the Committee’s conclusion that "[t]he local prosecutor cannot be regarded as local when his responsibilities * * * include prosecution of any offenses designated as such by the Penal Law or other statute of the State of New York” (1982 Opns NY St Bar Assn Comm on Prof Ethics No. 544).
This court finds troublesome total deference to and reliance upon the Ethics Committee’s opinion without some analysis to determine its applicability to the issues involved herein. Although it involves noncriminal matters and a different Disciplinary Rule, the Court of Appeals in Niesig v Team I (76 NY2d 363) does provide some guidance on how the courts should apply the Code of Professional Responsibility. Niesig, in addressing the application of a Disciplinary Rule in litigation, stated: "In such instances, we are not constrained to read the rules literally or effectuate the intent of the drafters, but look to the rules as guidelines to be applied with due regard for the broad range of interests at stake. ' "When we agree that the Code applies in an equitable manner to a matter before us, we should not hesitate to enforce it with vigor. When we find an area of uncertainty, however, we must use our judicial process to make our own decision in the interests of justice to all concerned.” ’ (Id. [quoting Foley & Co. v Vanderbilt, 523 F2d 1357, 1360 (2d Cir, Gurfein, J., concurring)].)” (Niesig v Team I, 76 NY2d, at 369-370.)
It is manifest from Niesig (supra) that, although deserving respect, the Code and a fortiori the Ethics Opinions interpreting same are not controlling upon the courts of this State (see, Niesig v Team I, 76 NY2d, at 370; Matter of Hof, 102 AD2d 591). This is especially so in the case at bar, since the relevant Ethics Opinion addresses the behavior and conduct of the attorneys involved and not the ancillary issue of how such conduct affects the other parties involved — in this case the defendant herein and the People of the State of New York— and the specific issue, that of the defendant’s constitutional right to effective assistance of counsel.
This court’s hesitation to defer totally to Opinion 544 is limited to strict application of the first criteria therein enunciated. As the Opinion indicates, the reason part-time Village
*313 Attorneys prosecute "violations” of State law is because local County District Attorneys lack the necessary resources to do so. If the local municipalities desire to protect their citizenry from such violations, they are compelled to employ their own attorneys to prosecute same. The Town and Village Prosecutors, therefore, are manifestly, actually, and by all appearances, representatives of the local municipalities which employ them. The first criteria enunciated by the Ethics Committee, therefore, does not realistically reflect the facts and circumstances surrounding the actual duties and responsibilities of part-time Town and Village Prosecutors.
It is also significant that Shinkle (supra) does not articulate, nor refer to, any per se rule. Shinkle, and other courts addressing this issue, have examined the facts and circumstances surrounding the relationship, duties, and responsibilities of the attorney involved before determining whether or not an appearance of impropriety existed. (See, Matter of Moxham v Hannigan, 89 AD2d 300; People v Early, 173 AD2d 884.)
It should be noted that even the Ethics Committee in Opinion 564, concluded that Special District Attorneys need not be concerned with the criteria set forth in Opinion 544, but may accept criminal defense cases without creating an appearance of impropriety. Opinion 564 clearly demonstrates the problems in utilizing a per se rule, especially since Special District Attorneys, unlike Town and Village Prosecutors, often prosecute serious and high profile crimes, and are clearly representatives of, and actually compensated by, the county or State which employs them.
Furthermore, it is incongruous to hold that an impropriety does not exist when a Town or Village Prosecutor with the authority to prosecute violations of local law, accepts criminal defense work, but does exist if his designated authority extends to the prosecution of "violations” of State law. The fact of the matter is that in both instances such violations are not crimes, carry only minimal punishment and in actuality are prosecuted on behalf of the citizens of the local municipality. When one considers that the Penal Law contains approximately 16 offenses designated as "violations” (such as unlawfully posting advertisements, Penal Law § 145.30), a rule anchored on such an insignificant distinction is patently unfair, illogical, and without justification.
Finally, it is ambiguous whether or not Opinion 544 in *314 tended that the prosecution of Penal Law "violations”, as opposed to misdemeanors and felonies, would create the prohibited appearance of impropriety. The Opinion fails to refer to the applicable Penal Law definitions, and does not explicitly include or exclude "violations” anywhere therein. Since the Committee’s line is drawn at "offenses” of State law and "violations” are defined by the Penal Law as offenses, it may appear that the Committee intended to include "violations.”
This court believes, however, that, given the actual insignificance between the prosecution of Penal and local law "violations,” together with the Opinion’s failure to refer to "violations” or otherwise employ the Penal Law definitions, the Committee did not, in fact, consider the prosecution of "violations” to be prohibited by Opinion 544.
A more consistent and appropriate distinction is needed and does exist. That distinction is the prosecution of crimes[3] versus the prosecution of "violations” of the Penal Law. The prosecution of crimes is the traditional and most publicly apparent and acknowledged duty and function of the District Attorney. If a Town or Village Prosecutor’s designation included the prosecution of crimes, then the unmistakable appearance of impropriety prohibited by Shinkle (51 NY2d 417, supra) would exist when that prosecutor partakes in criminal defense work. As long as such Town or Village Prosecutors, however, remain completely autonomous and independent in their functions and duties, and separate and apart from the District Attorney’s office, then there is no apparent conflict of interest when their duties are limited to the prosecution of "violations” of local or State law.
PART IV — CONCLUSION
Based upon the foregoing discussion and review of the authorities cited by the defendant, this court rejects the broad and sweeping application of New York State Bar Association Committee on Professional Ethics, Opinion 544, as enunciated in People v Cooper (156 Misc 2d 483, supra) and will instead apply the analysis of People v Shinkle (supra), by examining the facts and circumstances of the case at bar to determine whether or not an appearance of impropriety exists. Under the facts of this case as outlined in the findings of fact herein, Mr. Henry’s employment as Village Prosecutor for the Village *315 of Blasdell had absolutely no connection to the office of the District Attorney charged with the responsibility of prosecuting defendant. There was, therefore, no risk of the abuse of client confidences. Further, since his duties as Village Prosecutor were limited to the prosecution of "violations,” and, in actuality, to representing the citizens of the municipality, and not of the State, there is no appearance of any impropriety, nor of anything less than the absolute and unswerving loyalty to the defendant herein.
Finally, part-time Town and Village Prosecutors have been providing indigent defendants with competent and professional representation for many years without the slightest suggestion by anyone of an appearance of impropriety. It would be sadly ironic to now restrict such qualified criminal defense attorneys from providing this much needed service to both indigent defendants and the community at large, based upon what can only be deemed, at least by this court, as nothing more than an illusory appearance of a conflict of interest.
Pursuant to the foregoing, defendant has failed to establish that he was denied his Federal and State constitutional rights to effective assistance of counsel and his motion to vacate said judgment is, in its entirety, accordingly denied.

. The term "violation”, when used in this decision, "means an offense, other than a 'traffic infraction,’ for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed.” (Penal Law § 10.00 [3].)

. Query. Does Opinion 544, therefore, prohibit as well the practice of criminal defense work in Federal court or acting as appellate counsel in State court?

. A crime is defined as a misdemeanor or felony. (Penal Law § 10.00 [6].)