■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HERR, Appellant. [611 NYS2d 389] —Judgment and order unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his CPL 440.10 motion to vacate his judgment of conviction on the ground that he was denied effective assistance of counsel by his counsel's employment as a Village Prosecutor during the period of representation. We agree with Supreme Court that defense counsel's employment as a part-time Village Prosecutor did not constitute a conflict of interest and did not deprive defendant of effective assistance of counsel *(see, People v Herr,* 158 Misc 2d 306; *see generally, Mitchell v Maggio,* 679 F2d 77, *cert denied* 459 US 912).

Defendant further contends that Supreme Court erred in refusing to charge the jury that it must determine whether defendant's statement was involuntary because he did not knowingly and intelligently waive his rights to remain silent and to the assistance of counsel *(see generally, People v Graham,* 55 NY2d 144). Because defense counsel failed to object at trial to the admission of the statement on that ground, we find no error in Supreme Court's denial of defendant's request to charge *(see, People v Cefaro,* 23 NY2d 283, 288; *People v Luis,* 189 AD2d 657, 659). Moreover, we conclude that the evidence was insufficient to create a factual dispute requiring a charge on the issue of voluntariness *(see, People v Goodson,* 179 AD2d 584, *lv denied* 79 NY2d 1001; *People v Betances,* 165 AD2d

754, *lv denied* 76 NY2d 1019). The record establishes that the police officers read defendant his *Miranda* rights on more than one occasion and that he advised the officers that he understood them and agreed to speak to the police. Defendant's limited ability to read and write does not support defense counsel's assertion that defendant could not understand his *Miranda* rights. Additionally, there is insufficient evidence in the record to support defense counsel's assertion that defendant had a low IQ or subnormal intelligence and, therefore, could not knowingly or intelligently waive his rights *(cf., People v Matthews,* 148 AD2d 272, 273-274, *lv denied* 74 NY2d 950).

Defendant also contends that Supreme Court erred in granting the prosecutor's request for defendant to display his tattoos because there existed the less prejudicial alternative of using photographs. Because defense counsel did not specifically object on the ground now asserted, that contention has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Osuna,* 65 NY2d 822, 824; *People v Cooper,* 147 AD2d 926, *lv dismissed* 74 NY2d 738), and we see no reason to reach it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]). In any event, we find no abuse of discretion in the trial court's determination that the probative nature of that display outweighed its prejudicial effect *(see, People v Davis,* 113 AD2d 969, 971; *see generally, People v Rodriguez,* 64 NY2d 738, 741).

Defendant also contends that prosecutorial misconduct on summation mandates reversal. Because no objection was raised to any of the intemperate and somewhat inflammatory comments by the prosecutor, any claim of error with respect to those comments has not been preserved for our review *(see, People v Dawson,* 50 NY2d 311, 324; *People v Rubin,* 101 AD2d 71, 78). Moreover, because that misconduct did not deprive defendant of a fair trial, reversal is unwarranted *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeals from Judgment and order of Supreme Court, Erie County, Rossetti, J.—Sodomy, 1st Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.