THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PRICE, Appellant. [637 NYS2d 536] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction of two counts of rape in the first degree and related charges arising from an incident involving his younger sister. He contends that County Court erred in refusing to charge the jury on the voluntariness of admissions he made to his mother and her friend. Defendant testified at trial that he made the admissions only because his mother promised that she would prevent prosecution of the matter and would arrange for counseling if he confessed.

CPL 60.45 (2) (b) (i) prohibits admission of a statement obtained by means of any promise that creates a substantial risk that the defendant might falsely incriminate himself, but only if the statement is obtained by a public servant engaged in law enforcement activity or by a person acting at his direction or in cooperation with him. Had the Legislature meant to include statements obtained by private individuals within that subdivision, it could easily have done so. The language of the statute is clear and unambiguous *(see, People v Graham,* 55 NY2d 144, 149). " 'The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended' " *(People v Tychanski,* 78 NY2d 909, 911, quoting *Pajak v Pajak,* 56 NY2d 394, 397). The Legislature chose to preclude only coerced statements to private persons in CPL 60.45 (2) (a); non-coerced statements obtained by a private person are admissible even in circumstances where they would be inadmissible as " 'involuntarily made' " if obtained by a public servant *(see,* 1 CJI[NY] 11.00, at 651).

There is no evidence that the promise allegedly made to de-

fendant impaired his physical or mental condition in any way. Because defendant failed to raise a factual dispute by adducing evidence that the statement was involuntarily made within the meaning of the statute, the court was not required to submit the issue of voluntariness to the jury *(see, People v Herr,* 203 AD2d 927, *affd* 86 NY2d 638; *People v Conway,* 186 AD2d 1050, *lv denied* 81 NY2d 761). (Appeal from Judgment of Monroe County Court, Smith, J.—Rape, 1st Degree.) Present— Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.