■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN B. COLE, Appellant. [650 NYS2d 127] —Judgment of the Supreme Court, New York County (Jeffrey Atlas, J.), rendered March 27, 1991, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of from 22 years to life, unanimously affirmed.

The evidence is overwhelming that defendant beat his wife to death in the course of a prolonged assault, and satisfies the elements of depraved-indifference murder (*People v Watts*, 183 AD2d 409, *lv denied* 80 NY2d 1030). It is defendant's position on appeal that his conviction must nevertheless be reversed because the evidence demonstrates a purposeful and savage, and therefore intentional, murder rather than a reckless killing.

As the Court of Appeals held in *People v Gallagher* (69 NY2d 525, 528), "Where a defendant is charged with a single homicide, in an indictment containing one count of intentional murder and one count of depraved mind murder, both counts may be submitted to the jury, but only in the alternative." It is the function of the jury, and not a reviewing court, "to determine whether defendant acted intentionally or recklessly at the time of the crime" (*supra*, at 530), and the jury may not avoid deciding the crucial issue of *mens rea* by failing to determine the defendant's mental state during the commission of the offense (*supra*, at 530-531). As the Trial Justice submitted the respective theories to the jurors in the alternative (CPL 300.40 [5]) and they reached the conclusion that defendant acted with depraved indifference, this case does not present the problem that "a person cannot commit a single homicidal act while entertaining two inconsistent mental states" (*People v Tankleff*, 199 AD2d 550, 553, *affd* 84 NY2d 992). As the Appellate

Division, Second Department observed in *Tankleff* (*supra*, at 554), this Court may not "vacate a conviction based on a finding of recklessness merely because we ourselves consider that a finding of intent would have been more plausible in light of the evidence." As the Second Department further noted, such circumstances are hardly unique (*supra*; *see also, People v Perez*, 196 AD2d 781, *lv denied* 82 NY2d 900 [alternative theories supporting conviction for murder of four victims]).

That defendant was brought to the Precinct House while still wearing restraints does not require the conclusion that he was in custody during initial questioning by police (*People v Allen*, 73 NY2d 378, 380), the test being "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *see also, People v Hicks*, 68 NY2d 234, 240). The record contains evidence to support the suppression court's finding that defendant was restrained with arm straps because of his uncontrollable behavior, including attempts to interfere with the efforts of the medical technicians to treat the victim, and not because the police had decided that he was the perpetrator.

Finally, we perceive no abuse of sentencing discretion.

Defendant's remaining arguments, including those raised in his *pro se* supplemental brief, have been considered and found to be without merit. Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.