THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CONGELOSI, Appellant. [698 NYS2d 810] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [2]), driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c]) and other crimes arising from a head-on motor vehicle accident. We reject the contention of defendant that the judgment should be reversed pursuant to *People v Williams* (92 NY2d 993). County Court's summary refusal to allow defendant to waive his *Antommarchi* rights (*see, People v Antommarchi*, 80 NY2d 247, *rearg denied* 81 NY2d 759) does not constitute reversible error because the record establishes that there were no sidebar discussions with prospective jurors. The contention of defendant that his attempted waiver encompassed that portion of the voir dire held in the jury room is not properly before us because it is raised for the first time in defendant's reply brief (*see, People v Clanton*, 204 AD2d 810, 812, *lv denied* 83 NY2d 965; *see also, People v Abreu*, 248 AD2d 124, *lv denied* 92 NY2d 846; *People v Kalaj*, 247 AD2d 633, *lv denied* 92 NY2d 880; *People v White*, 244 AD2d 765, 767, *lv denied* 91 NY2d 1014). In any event, that contention is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

The court properly denied defendant's motion to suppress the statement, "I had a couple of beers". Although defendant was handcuffed to a stretcher, he was restrained at the request of medical personnel (*see, People v Cole*, 233 AD2d 247, 248, *lv denied* 89 NY2d 984), and the statement was made in response to a police officer's remark, "it smells like you have been drinking" (*see, People v Baker*, 188 AD2d 1012, *lv denied* 81 NY2d 967). We reject defendant's further contention that the

court erred in failing to give a voluntariness instruction with respect to that statement. "A Trial Judge is required to charge on voluntariness only if an issue has been raised *at the trial* by a proper objection, and evidence sufficient to raise a factual dispute has been adduced either by direct or cross-examination" (*People v Cefaro*, 23 NY2d 283, 288-289; *see, People v Luis*, 189 AD2d 657; *People v Goodson*, 179 AD2d 584, *lv denied* 79 NY2d 1001; *People v Dukes*, 156 AD2d 959, *lv denied* 75 NY2d 918; *People v Horn*, 152 AD2d 925, *lv denied* 74 NY2d 897).

Defendant further contends that the court abused its discretion in admitting two autopsy photographs in evidence. Defendant withdrew his objection to one of the photographs, however, thereby waiving his present contention with respect to that photograph, and the other was not so inflammatory as to deprive defendant of a fair trial (*see, People v Upshaw*, 242 AD2d 548, 549, *lv denied* 91 NY2d 882). We also reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant's contention concerning the court's failure to give a circumstantial evidence charge is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.