■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO PARGAS, Appellant. [703 NYS2d 435] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J., at suppression hearing; Dorothy Cropper, J., at jury trial and sentence), rendered September 30, 1997, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 5 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The fact that defendant was the only individual matching the description, radioed moments before, of an armed man on a bicycle in the vicinity of the specified location, combined with the fact that he was observed by the arresting officer riding his bicycle at high speed on the sidewalk, with marked patrol cars following him, gave the arresting officer reasonable suspicion that defendant was the armed man to whom the radio transmission referred, in flight from the patrol cars behind him, and justified the officer's interception and forcible stop, detention and pat-down of defendant, which resulted in the recovery of a revolver from a bag defendant was wearing draped over his shoulder (see, People v Sierra, 83 NY2d 928; People v Lipsey, 247 AD2d 246, lv denied 91 NY2d 974; People v Cane, 231 AD2d 435, lv denied 89 NY2d 920).

The court properly exercised its discretion in denying defendant's requests for preclusion of evidence and for an adverse inference charge based on the Police Department's inadvertent loss of the bag from which the weapon was recovered. The loss of the bag caused no prejudice to defendant because the bag itself was, at most, only marginally relevant to the case, and because defendant took extensive advantage of the bag's unavailability (*see, People v Mitchell*, 216 AD2d 156, *lv denied* 86 NY2d 798). Viewing the record as a whole, we conclude that defendant was able to take full advantage of the lack of fingerprint evidence notwithstanding the court's limitation of his exploration of that issue. The remaining evidentiary rulings challenged on appeal were proper exercises of discretion. Concur—Nardelli, J. P., Ellerin, Saxe and Buckley, JJ.