■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. WHEELER, Appellant. [726 NYS2d 889] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of marihuana in the second degree (Penal Law § 221.25). Contrary to defendant's contention, County Court did not abuse its discretion in refusing to give the adverse inference charge proposed by defendant and in giving its own adverse inference charge concerning the loss of certain evidence by the police (*see generally, People v Smith,* 266 AD2d 639, 640, *lv denied* 94 NY2d 907). That evidence consisted of the paper bags in which the marihuana was found; one of the paper bags was preserved as evidence but the others were not. The prejudice to defendant from the loss of that evidence was minimal (*see, People v Pargas,* 268 AD2d 391, 392, *lv denied* 94 NY2d 923; *see generally, People v Reynoso,* 276 AD2d 334). Contrary to the further contention of defendant, the evidence is legally sufficient to establish that he exercised dominion and control over the marihuana seized by the police (*see, People v David,* 255 AD2d 620, 621; *People v Dwyer,* 243 AD2d 645, *lv denied* 91 NY2d 891). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant failed to preserve for our review his contention that the court erred in failing to give a moral certainty charge (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention

as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Wyoming County Court, Griffith, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.