THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. McCAULEY, Appellant. [796 NYS2d 488]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered April 15, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree (two counts) and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]) and one count of criminal possession of a weapon in the fourth degree (§ 265.01 [4]). Supreme Court properly denied defendant's *Batson* motion. The People provided race-neutral explanations for exercising peremptory challenges to the prospective jurors in question (*see People v Ball*, 11 AD3d 904, 905 [2004], *lv denied* 3 NY3d 755, 4 NY3d 741 [2004]; *People v Linen*, 5 AD3d 1022, 1022-1023 [2004]; *People v Harris*, 1 AD3d 881, 882 [2003], *lv denied* 2 NY3d 740 [2004]), and defendant failed to meet his burden of establishing that those explanations were pretextual (*see Harris*, 1 AD3d at 882; *People v Welch*, 298 AD2d 903 [2002], *lv*

*denied* 99 NY2d 565 [2002]; *see generally People v Smocum*, 99 NY2d 418, 422 [2003]). Defendant failed to preserve for our review his further contention that the court erred in failing to give a circumstantial evidence charge (*see* CPL 470.05 [2]; *People v Wheeler*, 284 AD2d 973 [2001], *lv denied* 96 NY2d 909 [2001]; *People v Congelosi*, 266 AD2d 930, 931 [1999], *lv denied* 94 NY2d 902 [2000], 95 NY2d 794 [2000]). We decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see Wheeler*, 284 AD2d at 973-974; *Congelosi*, 266 AD2d at 931).

Defendant also failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Jones*, 13 AD3d 1192 [2004], *lv denied* 4 NY3d 799 [2005]; *People v Barlow*, 8 AD3d 1027, 1028 [2004], *lv denied* 3 NY3d 657 [2004]). In any event, we conclude that the prosecutor's remarks constituted fair comment upon the evidence, to which there was no objection, that defendant was carrying a large sum of cash (*see generally People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v White*, 291 AD2d 842, 843 [2002], *lv denied* 98 NY2d 656 [2002]). In addition, we note that defense counsel's summation highlighted the issue of the cash in defendant's possession, and thus the prosecutor's remarks were a fair response to the summation of defense counsel (*see People v Melendez*, 11 AD3d 983, 984 [2004]; *People v Kelly*, 309 AD2d 1149, 1150 [2003], *lv denied* 1 NY3d 575 [2003]; *People v Sinclair*, 231 AD2d 926 [1996]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.