OPINION OF THE COURT
Jones, J.
Defendant’s conviction must be vacated where the executive director of the Legal Aid Society who represented him in the beginning stages of the criminal action later joined the District Attorney’s office and remained there during the course of prosecution of the action, notwithstanding that means were designed and scrupulously pursued to insulate him from defendant’s case.
On March 8, 1977, the day after the events out of which the charges in this case arose, Sol Lesser, Esq., of the Legal Aid Society of Sullivan County, Inc., was assigned to represent defendant. Edward Leopold, Esq., then executive director of the Legal Aid Society, became actively involved as advisor to Lesser during the early stages of the criminal proceeding. In this capacity Leopold interviewed defendant extensively, was intimately familiar with the contents of his file, and assisted in the formulation of defense strategy. On December 23, 1977 Leopold resigned as executive director of the Legal Aid Society, and on January 12, 1978 he *420 was appointed Chief Assistant District Attorney for Sullivan County and continued in that capacity during the trial of this action.
Conscious of the risks of conflict of interest, Leopold had “conflict” stickers placed on all pending cases in which the defendants were or had been represented by the Legal Aid Society during his tenure of office, the members of the staff of the District Attorney’s office were ordered, to refrain from discussing any of such cases with Leopold, and he was denied access to the files in such cases.
In late January, 1978, a proceeding under CPLR article 78 was instituted on defendant’s behalf to restrain the District Attorney’s office from prosecuting defendant because of conflict of interest and prejudice in consequence of the Leopold appointment. On February 22 the application was denied without prejudice to the right to apply to the Trial Judge for similar relief when the case was reached for trial. On reargument of the application in April the court adhered to its original decision. Defendant thereafter made a similar application to the trial court and that application, too, was denied. At the time of defendant’s trial from June 26 to July 7, 1978 Leopold was still Chief Assistant District Attorney of Sullivan County.
In affirming defendant’s conviction of rape in the first degree, petit larceny, unauthorized use of a motor vehicle and assault in the third degree, the Appellate Division, with two Justices dissenting, rejected defendant’s contention that his convictions should be reversed because of the dual role played by Leopold. This was error, and the convictions must be vacated.
The fact that the attorney who had initially represented defendant and participated actively in the preparation of his defense was chief assistant in the office of the prosecutor in the months preceding and during defendant’s trial inescapably gave both defendant and the public the unmistakable appearance of impropriety and created the continuing opportunity for abuse of confidences entrusted to the attorney during the months of his active representation of defendant. It is no answer that defendant offers no evidentiary proof of actual prejudice. In the circumstances *421 such proof would most likely be out of defendant’s reach. Nor does it serve to protect the interests of defendant that procedures were devised and scrupulously followed to insulate Leopold from the prosecution of this case. The inherent impropriety of the situtaion is further demonstrated in this instance when, in an attempt to show that the insulation was practically effective, the People circuitously resorted to an affirmation from Leopold himself. In defendant’s perception it was his former attorney who was personally championing the People’s cause against him.
Defendant, and indeed the public at large, are entitled to protection against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight (cf. People v Zimmer, 51 NY2d 390; Greene v Greene, 47 NY2d 447; Cardinale v Golinello, 43 NY2d 288; People v De Freese, 71 AD2d 689, 690 [dissenting opn by Mr. Justice James D. Hopkins] ; ABA Standards Relating to Prosecution Function, § 1.2; subds [a], [b], par [iii]; Code of Professional Responsibility, canon 9). We recognize that the rule applied in this case may impede the transfer of attorneys between offices of Legal Aid or Public Defender and of District Attorney. This circumstance, however, affords no basis to deny defendants the right to both the fact and appearance of unswerving and exclusive loyalty on the part of attorneys who represent them.
For the reasons stated, the order of the Appellate Division should be reversed, defendant’s convictions vacated, and the case remitted to County Court, Sullivan County, for further proceedings on the indictment.