OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
A distinction must be drawn between conflict of interest cases involving representation of several defendants by one attorney and the potential for conflict resulting when a defendant’s attorney accepts the offer of a position with the prosecutor’s office. In the foriner situation the consequences will not be readily apparent to the average defendant and require careful probing by the Trial Judge of each defendant’s “awareness of the potential risks involved in that course and [that each] has knowingly chosen it” (People v Macerola, 47 NY2d 257, 263; see People v Gomberg, 38 NY2d 307, 312-314). In some, though not all, situations involving conflict of the latter type, the risks involved may be clear even to a layman.
When, as in People v Shinkle (51 NY2d 417, 421), defendant may believe that his former attorney, who joined the prosecutor’s staff prior to defendant’s trial, is championing the People’s cause against him, there is an impermissible conflict even though the prosecutor and the former attorney have in fact taken pains to assure otherwise. Where, as here, however, defendant’s attorney joins the prosecutor’s staff after entry of defendant’s plea of guilty, the fact that he will do so has been revealed to defendant prior to plea, the plea taken is to the lower of two crimes charged and in satisfaction of all related charges against defendant and includes a recommendation by the prosecutor that defendant be sentenced to time served, there is no “significant possibility” of an actual conflict (see People v Monroe, 54 NY2d 35, 37; People v Baffi, 49 NY2d 820, 822). Under such circumstances the Trial Judge need not probe as deeply as would be required in a joint representation case to assure that defendant’s decision to proceed is an informed decision (cf. People v Monroe, 54 NY2d 35, 38-39, supra; People v Gomberg, 38 NY2d 307, 313, supra).
The record reveals that the Trial Judge assured himself that defendant was aware of his attorney’s future employ *851 ment and was satisfied with everything that the attorney had done for him. That defendant was, in fact, sentenced not to time served but to one year in jail resulted not from anything his original attorney did or failed to do, but from the fact that the probation report revealed seven prior convictions, rather than the one or two admitted by defendant during the plea proceeding. Defendant was told by the Trial Judge during the plea proceeding of the possibility of a one-year sentence if the probation report warranted such a sentence, and, of course, “was the only participant in the plea bargaining process in a position to have firsthand knowledge” of his own prior record (People v Rogers, 56 NY2d 552, 554).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.