■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. JEFFREY, Appellant. (And Another Related Action.) —Levine, J. Appeals (1) from a judgment of the County Court of Saratoga County (Williams, J.), rendered December 15, 1987, upon a verdict convicting defendant of the crimes of rape in the first degree, burglary in the first degree, assault in the second degree and robbery in the first degree, and (2) from a judgment of said court, rendered January 4, 1988, convicting defendant upon his plea of guilty of the crime of attempted sexual abuse in the first degree.

On appeal from the judgment of December 15, 1987, convicting defendant of rape in the first degree and other felonies committed during the same incident, defendant's sole argument for reversal is that, in cross-examining defendant, the

prosecution engaged in prejudicial misconduct by questioning defendant, in violation of County Court's pretrial *Sandoval* ruling, concerning the underlying acts of then-pending indictments also charging defendant with forcible rape or attempted rape. Defendant was a propane gas delivery person. The victim testified that defendant gained entry to her home by claiming that his vehicle was disabled and that he needed to use the telephone and borrow tools to fix it. Once inside, he assaulted her, robbed her of $20 and forcibly raped her. As defendant was leaving, the victim took out a pistol that she had in the house and shot him.

The theory of the defense was that of consensual intercourse. Defendant testified that the victim was a propane gas customer who had acted seductively toward him on prior occasions. When the incident in question occurred, he had genuinely sought to come into her house because of problems with his vehicle. After an unsuccessful telephone call to get help and borrowing tools for temporary repair, the victim made sexual overtures to which he responded. However, he was unable to complete intercourse because of pangs of guilt from being unfaithful to his wife. Defendant claimed that he then apologized to the victim and left. It was suggested that the reason the victim shot him was her frustration over his precipitous termination of intercourse.

On initial cross-examination of defendant concerning his claim that guilt over being unfaithful to his wife caused him to discontinue coitus with the victim, the prosecutor inquired about a prior affair with another woman, which defendant admitted. On redirect, defendant testified that after that affair but before the incident in question, he had reconciled with his wife. On re-cross-examination, defendant was then questioned, over objection, as to whether he had engaged in or attempted to engage in intercourse with the three women who were the alleged victims in the pending indictments.

In our view, County Court quite properly permitted the foregoing line of questioning. The prosecutor did not refer to the indictments nor indicate in any way that defendant's sexual activities with the named women were accomplished forcibly. Defendant's testimony that he ceased having intercourse with the victim because of pangs of conscience over being unfaithful to his wife clearly was for the purpose of bolstering his contention that the victim was a willing participant, and to explain why, after engaging in such voluntary intercourse, the victim would shoot him. Therefore, defendant opened the door to attack on his claim of fidelity to his wife by

cross-examination on acts or attempted acts of intercourse with other women *(see, People v Chaitin,* 61 NY2d 683, 684; *People v McCullough,* 141 AD2d 856, 858; *People v Hydleburg,* 127 AD2d 792). Defendant's further contention that he was prejudiced by the prosecutor exhibiting the other indictments to the jury is completely refuted on the record by County Court's hearing on that objection. Nor do we find that the sentence imposed was harsh and excessive.

As to defendant's appeal from his conviction for attempted sexual abuse, we find that the plea allocution and the recital of the prosecution's proof of his guilt more than adequately supported County Court's acceptance of an *Alford*-type guilty plea *(North Carolina v Alford,* 400 US 25). Accordingly, this conviction should also be affirmed.

Judgments affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.