OPINION OF THE COURT
Peter J. Benitez, J.
Defendant was arrested on January 10, 1990, and is charged with assault in the third degree (Penal Law § 120.00 [1], [2]), and riot and inciting to riot (Penal Law §§ 240.05, 240.08). In June 1991, while the action against her was still pending, defendant made a complaint that she had been assaulted in *555 an incident unrelated to the matter for which she had been arrested. Defendant asserts that, in connection with the prosecution of that new matter, she sought and received through counsel assurances from the police department that any communications to law enforcement authorities made by her in her capacity as complainant in that unrelated matter would not be used against her in her capacity as defendant.
In April 1992, defendant, by order to show cause issued by a Justice of the Supreme Court, County of New York, moved for an order (i) disqualifying the District Attorney of the County of New York as the prosecutor in the above-captioned case, (ii) appointing a Special District Attorney pursuant to section 701 of the County Law, and (iii) in the alternative, dismissing the criminal action. That motion was returnable before Justice George Roberts sitting in Part 30 of the Supreme Court and alleged a breach of the assurances of confidentiality and the potential for a breach of those assurances as a basis for the disqualification of the District Attorney and the appointment of a Special District Attorney.
By decision dated April 12, 1992, Justice Roberts denied the motion to disqualify the District Attorney of the county and the motion to appoint a Special District Attorney. Justice Roberts did not decide the motion to dismiss, but rather, referred that motion and the issue of possible alternative remedies to the trial court, the Criminal Court of the City of New York.
This court, which has been designated as the trial court for the above-captioned action, read the papers submitted by both sides to Justice Roberts, received additional papers in support of defendant’s motion from defense counsel, and heard oral argument on the motion to dismiss. It is the view of this court that a motion to disqualify the District Attorney and appoint a Special District Attorney may only be brought in a superior court (see, County Law § 701) and that the denial of that motion by Justice Roberts is the law of the case. Accordingly, the only issue before this court is whether, based on all the proceedings had in this case, the papers submitted by both sides and any findings of fact made by Justice Roberts, a dismissal or other sanctions are warranted.
Defendant asserts that, in view of the denial of her motion to disqualify the District Attorney and have a Special District Attorney prosecute this case, dismissal is the only remedy that can address the asserted breach of a confidence of the *556 defendant and insure that there is no future breach of that confidence.
While the People assert that no confidence attaches to statements of a defendant made in the capacity of a complainant in an unrelated criminal proceeding which arose after her arrest on the instant case, Justice Roberts rejected that position and held that, at least in situations as presented here, where promises of confidentiality were made to a defendant by law enforcement authorities in connection with her complaint that she had been assaulted by another person in an incident subsequent and unrelated to the matter for which she is being prosecuted, a confidence attaches to those communications with law enforcement authorities.
Accordingly, the issue before this court is whether there has been a breach of that confidence and, if so, what remedy or sanction should result from that breach of a confidence. Defendant has not set forth what communications were made by her pursuant to that promise of confidentiality. During oral argument before this court both sides appeared to agree that defendant had spoken to an Assistant District Attorney about her complaint in the unrelated matter, but had then refused to cooperate further with the District Attorney’s office in the prosecution of that other case. Defendant, in her moving papers, does not set forth any specific communication to law enforcement authorities which she believes has been disclosed in violation of any promise of confidentiality nor does she set forth any specifics of such communications which she believes could be disclosed and used to her detriment in the case in which she is the defendant. The People assert that the Assistant District Attorney assigned to prosecute this case has not seen the District Attorney’s file in the case in which Ms. Harris is a complainant and that the only communication of information concerning that case is the assertion of the defendant in that case, which case is no longer pending, having been dismissed pursuant to CPL 30.30, that Ms. Harris assaulted her during the incident for which that defendant was arrested.
Furthermore, while invited by this court to supplement her papers, either by supplemental papers or oral argument, with specific allegations of actual or potential prejudice that has or might result from her confidential communications or from the knowledge by law enforcement authorities of those communications, defendant has not done so.
*557 While disqualification of a District Attorney and the appointment of a Special District Attorney may be warranted where there is a "substantial risk of an abuse of confidence” (see, Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983], and the authorities cited therein), the issue before this court is what standard is to be applied when the more extreme remedy of dismissal is sought. Defendant argues that, pursuant to People v Shinkle (51 NY2d 417 [1980]), no finding of actual prejudice or even the risk of substantial prejudice need be shown before dismissal is warranted. Rather, she argues that the mere appearance of impropriety which she asserts arises from an office dealing with her in a relationship where she was assured certain confidences and then prosecuting her requires dismissal in the absence of the appointment of a special prosecutor.
In People v Shinkle (supra), the court established what appears to be a per se rule that where an attorney represents someone in an attorney-client relationship, that attorney may not later, nor may any member of that attorney’s staff serve as a prosecutor of such person. The Shinkle case involved an attorney-client relationship while the attorney was a member of a Public Defender’s office and the later prosecution of the client by the District Attorney’s office while that attorney was the Chief Assistant District Attorney. In its opinion, the court held that this situation gave the "unmistakable appearance of impropriety and created the continuing opportunity for abuse of confidences entrusted to the attorney during months of his active representation of defendant.” (People v Shinkle, supra, at 420.) The dissent, by Judge Jasen, took exception to a majority’s per se rule which, Judge Jasen stated, did not require a showing of prejudice. (See, People v Shinkle, supra, at 421-423 [Jasen, J., dissenting opn].)
This case is clearly distinguishable from People v Shinkle (supra). The confidences at issue in Shinkle were confidences generated by the attorney-client relationship. (See, People v De Freese, 71 AD2d 689, 690 [Hopkins, J., dissenting opn], cited with approval in People v Shinkle, supra, at 421; Code of Professional Responsibility Canon 9.) Here, the confidences asserted are those which arose, not generally out of the relationship between a prosecutor and this defendant in her capacity as a complainant in an unrelated case, but rather, out of the alleged assurances of confidentiality made to her by law enforcement officials.
*558 While those assurances of confidentiality are to be given effect and a breach of such promised confidentiality not to be overlooked, they are substantively different and distinguishable from confidences that arise from the attorney-client relationship. A public prosecutor does not represent the complainant in a criminal action, but rather, represents the interests of the government and those of the people at large. Additionally, if one were to equate the relationship of prosecutor and complainant with that of attorney and client, a prosecutor could never, consistent with the attorney-client privilege and the canon of ethics applicable to attorneys, effectively investigate allegations of a complainant and make an impartial determination of whether those claims are credible and whether a prosecution is warranted. Accordingly, the per se rule applied in People v Shinkle (51 NY2d 417, supra) is not applicable here.
Rather, the standard that is properly applied here is whether there has been a breach of promised confidences which prejudices defendant’s right to due process and a fair trial or which makes it impossible to insure that defendant will be able to obtain a fair trial free from exploitation of promised confidences. Defendant has failed to set forth a basis on which this court could conclude that she has or will be prejudiced by a breach of promised confidences. Furthermore, this court can and will take steps necessary to insure that any promised confidences are not used to defendant’s detriment at the trial and will impose such protective orders and order such preclusions as are necessary to insure that due process is afforded her. Accordingly, defendant’s motion to dismiss is denied.