■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY ENGLISH, Appellant. [627 NYS2d 721] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Hall, J.), rendered September 10, 1992, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence and (2) by permission, from an order of the same court, dated June 24, 1994, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The defendant contends that error took place during the prosecutor's cross examination of him and during the testimony of one of the complainants regarding her religious faith. We find that these contentions are unpreserved for appellate review (see, CPL 470.05 [2]), without merit, or harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

The defendant's contention that the probation report was incomplete is without merit (see, People v Greene, 209 AD2d 541; People v Marin, 157 AD2d 804). Moreover, the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant moved pursuant to CPL 440.10 to vacate his conviction because the attorney who initially represented him was subsequently hired by the Kings County District Attorney. The attorney withdrew from the defendant's case during the pretrial proceedings and remained employed by the District Attorney during the defendant's trial approximately seven months later. The trial court properly denied the defendant's motion on the ground that he failed to demonstrate actual prejudice (see, CPL 440.10 [1] [f]; see generally, People v Keeton, 74 NY2d 903, 904; Matter of Schumer v Holtzman, 60 NY2d 46, 55; cf., People v Shinkle, 51 NY2d 417). The defendant failed to controvert the information in the affidavits presented by the People which established that his former attorney was not assigned to the bureau prosecuting the instant indictment. In addition, the prosecutor assigned to the defendant's trial stated that he had no conversations with the former defense counsel regarding the charges against the defendant. Balletta, J. P., O'Brien and Thompson, JJ., concur.

Altman, J., dissents and votes to reverse the judgment and order, and to order a new trial, with the following memoran-

dum: I respectfully dissent. An impermissible conflict of interest was created when the attorney who represented the defendant for approximately six months, making court appearances and an omnibus motion on his behalf, subsequently joined the District Attorney's office where he remained throughout the prosecution *(see, People v Jackson,* 60 NY2d 848, 850; *People v Shinkle,* 51 NY2d 417, 419; *Matter of Morgenthau v Crane,* 113 AD2d 20, 22). Because of the procedural posture of this appeal, I disagree with the majority's conclusion that the defendant was required to demonstrate actual prejudice in order to prevail.

In *People v Shinkle (supra),* the Court of Appeals adopted a per se disqualification rule for situations such as this, requiring reversal notwithstanding the defendant's failure to submit proof of actual prejudice. The Court concluded that a defendant is "entitled to protection against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight" *(People v Shinkle, supra,* at 421). A defendant's interests are not sufficiently protected by safeguards designed to insulate counsel from the prosecution of his or her former client.

That the defendant first raised his claim in a motion pursuant to CPL 440.10 to vacate his conviction does not require him to demonstrate prejudice under the circumstances of this case. There is no genuine dispute regarding the fact that the defendant did not learn of his former attorney's new employment until after he was sentenced. Consequently, he could not have interposed an objection during the course of his trial. Since the defendant's direct appeal had not been exhausted when he made his motion and his claim is the subject of both his direct appeal and his CPL 440.10 motion, the per se error rule is still applicable *(see, People v Jackson,* 78 NY2d 638; *People v Novoa,* 70 NY2d 490; *see also, People v Baghai-Kermani,* 84 NY2d 525). Accordingly, I would reverse the defendant's conviction and order a new trial.