OPINION OF THE COURT
 

 Levine, J.
 

 The Erie County District Attorney’s office prosecuted defendant for various sex offenses. Defendant was represented by Daniel J. Henry, Jr., who was a part-time Village Prosecutor for the Village of Blasdell. Henry was appointed Village Prosecutor by the Village Board and designated as such by the Erie County District Attorney. The designation limited Henry’s authority to the prosecution of all traffic violations except misdemeanors, violations of the Village ordinance, and violations under the Penal Law that did not include felonies and misdemeanors. As Village Prosecutor, Henry was not an employee of the Erie County District Attorney’s office. His salary, office and staff were all supplied by the Village and not the District Attorney’s office. Henry had no access to the District Attorney’s files, investigative personnel or other resources. The District Attorney likewise had no access to Henry’s files, investigative personnel or other resources. Moreover, Henry was not empowered to prosecute the crimes with which defendant was charged and tried.
 

 Despite representation characterized by the trial court as "outstanding and beyond reproach,” (158 Misc 2d, at 308)
 
 *641
 
 defendant was convicted on all counts. Subsequently, defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on several grounds including that it was obtained in violation of his right to counsel as guaranteed under the Federal and State Constitutions. Defendant maintains here, as he did below, that his attorney’s role as a part-time Village Prosecutor created an unacceptable appearance of impropriety thus compromising his right to effective assistance of counsel. Specifically, he points to our language from
 
 People v Shinkle
 
 (51 NY2d 417) that criminal defendants have "the right to both the fact and appearance of unswerving and exclusive loyalty on the part of attorneys who represent them”
 
 (id.,
 
 at 421). Defendant’s arguments were rejected by both Supreme Court and the Appellate Division, and we now affirm.
 

 In
 
 Shinkle
 
 we held that a criminal defendant’s right to counsel was violated when a Public Defender, who actively participated in the preliminary stages of a defendant’s defense, became employed as Chief Assistant District Attorney by the office that was prosecuting that defendant’s ongoing case. Although the District Attorney’s office had taken all available precautions to insulate the attorney from the defendant’s case, we concluded that the office should have been disqualified because the facts "inescapably gave both defendant and the public the unmistakable appearance of impropriety and continuing opportunity for abuse of confidences entrusted to the attorney during the months of active representation of defendant”
 
 (id.,
 
 at 420). Thus, the rule of
 
 Shinkle
 
 is that disqualification is required when there is a "risk of prejudice attendant on the abuse of confidence”
 
 (id.,
 
 at 421). The rule is necessary to prevent situations in which former clients must depend on the good faith of their former lawyers turned adversaries to protect and honor confidences shared during the now extinct relationship. In those situations the risk of abuse is obvious. We have explained, however, that
 
 Shinkle
 
 does not require disqualification whenever there exists a possible appearance problem: "The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a
 
 substantial risk of an abuse of confidence
 
 * * * and the appearance of impropriety, standing alone, might not be grounds for disqualification.
 
 The objector should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored” (Matter of Schumer v Holtzman,
 
 60 NY2d 46, 55 [emphasis supplied];
 
 see also, People v
 
 
 *642
 

 Jackson,
 
 60 NY2d 848, 850 [removal unnecessary when "there is no 'significant possibility’ of an actual conflict”]).
 

 Applying the principles enunciated in
 
 Shinkle
 
 and
 
 Schumer,
 
 it is clear that defendant’s right to counsel was not violated. There was no opportunity for the abuse of confidences comparable to that which existed in
 
 Shinkle,
 
 and the appearance of impropriety, if any existed at all, was inconsequential. Henry could not prosecute the crimes with which defendant was charged. He did not try cases in his prosecutorial capacity in the court in which defendant’s trial was held. He did not work with the law enforcement personnel who investigated the case. Nor was he supervised by or even in communication with the District Attorney’s office that conducted the prosecution. In fact, Henry’s employment as a Village Prosecutor had no connection to the office of District Attorney charged with prosecuting defendant except for the pro forma designation required by law (Village Law § 20-2006; County Law § 700). This connection was so tenuous that it did not signal a risk of prejudice to defendant, and in no way compromised his right to "the fact and appearance of unswerving and exclusive loyalty”
 
 (People v Shinkle, supra,
 
 at 421) on the part of his attorney.
 

 Defendant’s reliance on New York State Bar Association Committee on Professional Ethics Opinion No. 544 (1982) is similarly unavailing. Although defendant’s attorney may have been in technical violation of one part of the five-part test set forth therein, such opinions — like the Code of Professional Responsibility on which they are based — do not have the effect of law
 
 (Niesig v Team I,
 
 76 NY2d 363, 369). When a disciplinary rule is "invoked in litigation, which in addition to matters of professional conduct by attorneys, implicates the interests of nonlawyers * * * we are not constrained to read the rules literally or effectuate the intent of the drafters, but look to the rules as guidelines to be applied with due regard for the broad range of interests at stake”
 
 (id.).
 
 Thus, the test remains the one defined in
 
 Shinkle
 
 and
 
 Schumer
 
 and applied here.
 

 We have reviewed defendant’s other contentions and find them also to be without merit. Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed.