OPINION OF THE COURT
 

 Simons, J.
 

 This is a conflict of interest case in which defendant’s former counsel became employed by the District Attorney while the prosecution of defendant was pending. The principal issue presented is whether that circumstance requires a reversal of his conviction. We conclude that it does not.
 

 
 *32
 
 Defendant was charged in one indictment with three unrelated counts of robbery occurring in January and February of 1991. In a separate indictment, he was charged with crimes arising from a burglary and murder in January 1991, and in yet a third indictment with another robbery in February of that year. A special prosecutor has been appointed to handle the second and third indictments and only the first indictment is before us. Procedurally, we are reviewing the direct appeal from the judgment convicting defendant of three counts of robbery and the appeal from an order denying posttrial relief pursuant to CPL 440.10. The two matters were consolidated by the Appellate Division.
 

 The conflict arose because in the fall of 1991, Michael Vecchione, who was assigned to represent defendant on all three indictments, received an offer of employment with the Kings County District Attorney’s office. He requested the administrator of the Assigned Counsel Plan to reassign his files and advised him of the reason for doing so. The court relieved Vecchione and in January 1992 he commenced his duties with the District Attorney.
 

 At the time he was relieved, Vecchione had interviewed defendant, made four court appearances on his behalf resulting in adjournments for further proceedings, and filed omnibus motions for discovery and for a bill of particulars. Vecchione alleged in an affidavit that because the murder charge was the most serious charge, most of his conversations with defendant and the services performed on his behalf related to that charge.
 

 Defendant instituted the CPL article 440 proceeding in March 1994, while the direct appeal was pending, seeking to vacate the judgment of conviction based upon Vecchione’s conflict of interest. In an affirmation in the moving papers, the attorney assigned to succeed Vecchione alleged that he did not become aware of Vecchione’s switch to the District Attorney’s office until May of 1993, nearly a year after defendant’s conviction on the robbery charges and eight months after defendant was sentenced. There is no indication that defendant knew before the trial that he had been assigned a new attorney because Vecchione had become employed by the District Attorney.
 

 In opposition, Vecchione alleged that he has been assigned to two bureaus in the District Attorney’s office since representing defendant, the Homicide Bureau and the Trial Cadre, and that neither handled defendant’s robbery indictment. He
 
 *33
 
 denied discussing the case or disclosing any of his conversations with defendant to any member of the District Attorney’s office.
 

 Supreme Court concluded that if the arguments regarding former counsel’s conflict were argued on direct appeal,
 
 People v Shinkle
 
 (51 NY2d 417) would require reversal per se, but that defendant had failed to make the required showing of actual prejudice required in postconviction remedies (CPL 440.10 [1] [f], [h]). Upon review of the orders consolidated for appeal, a divided Appellate Division affirmed because defendant had failed to demonstrate actual prejudice. The dissenting Justice contended that our holding in
 
 Shinkle
 
 required reversal per se once a conflict was shown on direct appeal and that the
 
 Shinkle
 
 rule applied in these circumstances in which the direct appeal and the appeal in the CPL article 440 proceeding had been consolidated.
 

 In
 
 People v Shinkle (supra),
 
 the executive director of the Legal Aid Society of Sullivan County represented defendant during .the preliminary stage of criminal proceedings, becoming "intimately” familiar with defendant’s file, interviewing him "extensively” and taking part in the formulation of his defense strategy. He subsequently was appointed Chief Assistant District Attorney of Sullivan County and took over the managerial responsibilities of the office during defendant’s prosecution. Because of this conflict, we reversed defendant’s conviction, stating that the defendant and the public at large are entitled to protection from the appearance of impropriety and even the slight risk of prejudice which may flow from an abuse of confidence
 
 (id.,
 
 at 421). The inherent impropriety of the situation in
 
 Shinkle
 
 was demonstrated, we said, by the fact that the insulation of counsel from defendant’s case could not be fully effective and by defendant’s perception that his former counsel was "personally championing” the People’s case against him
 
 (People v Shinkle, supra,
 
 at 421;
 
 cf., People v Jackson,
 
 60 NY2d 848).
 

 Though the dissent in
 
 Shinkle
 
 contended that the majority had established a per se rule which disqualified the entire staff of the District Attorney’s office notwithstanding defendant’s failure to show actual prejudice, our subsequent decisions have not applied its holding that strictly. In
 
 Matter of Schumer v Holtzman
 
 (60 NY2d 46, 55), a case involving removal, we held that generally a public prosecutor should not be removed unless necessary to protect a defendant from "actual prejudice arising from a demonstrated conflict of interest or a substantial
 
 *34
 
 risk of an abuse of confidence”
 
 (id.; see also, People v Herr,
 
 86 NY2d 638;
 
 People v Jackson, supra).
 
 The rule rests upon concerns that clients must depend on the good faith of their former lawyers turned adversaries and where the risk of abuse is obvious, disqualification or reversal is necessary to protect and honor confidences shared during their earlier relationship
 
 (see, People v Herr, supra,
 
 at 641). To warrant vacatur of the conviction, however, defendant must establish actual prejudice or a substantial risk of an abused confidence even when, as here, the issue arises on direct appeal
 
 (see, People v Herr, supra).
 

 Defendant has not claimed that he was prejudiced by Vecchione’s conflict and, under the circumstances, the risk that Vecchione abused defendant’s confidences was insubstantial. Vecchione represented defendant for less than five months, and his contacts with him were preliminary and focused primarily on the more serious murder charge, not the robbery counts of the first indictment. Following his employment by the Kings County District Attorney, a "huge” metropolitan office, Vecchione was assigned to two bureaus which had nothing to do with the robbery prosecutions. He had no contact with the assistants prosecuting defendant and he never discussed the case with his fellow assistants or disclosed to them the contents of any conversation with defendant. Moreover, both the head of the bureau prosecuting the robbery indictment and the assistant who actually tried defendant on the robbery charges swore they had never discussed the case with Vecchione. Under the circumstances, there appears to have been little risk that he abused defendant’s confidences.
 

 We have considered defendant’s remaining point and find it without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.