■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SAMUELS, Appellant. [714 NYS2d 29] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered December 3, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant was not denied his right to conflict-free counsel when the court permitted an attorney who had represented him in pretrial stages of the case to represent the prosecution's principal eyewitness solely in her capacity as a defendant in two unrelated cases, while appointing another attorney to represent her when she testified. Defendant's trial attorney had no conflict of interest and presented a vigorous defense, including a searching cross-examination of the eyewitness (*see, People v Lombardo*, 61 NY2d 97, 103). Defendant has failed to show that his prior attorney's representation of the eyewitness, commenced subsequent to that attorney's withdrawal as defendant's counsel, had any effect on the conduct of the trial (*see, People v Pepe*, 259 AD2d 949, 950, *lv denied* 93 NY2d 1024; *People v Hritz*, 244 AD2d 230, 231, *lv denied* 91 NY2d 893). Defendant's pretrial attorney's subsequent representation of the eyewitness cannot be analogized to a defection to the prosecution's camp (*compare, People v English*, 88 NY2d 30, *with People v Shinkle*, 51 NY2d 417), particularly since the attorney represented the eyewitness solely as to matters in which she was in an adversarial stance regarding the prosecution. The purported conflict carried no genuine opportunity for abuse of confidences or appearance of impropriety. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Wallach, JJ.