Smith, J.
(dissenting). Because it is an inherent conflict that the attorney first prosecuted the defendant and then became his defense attorney, I dissent.
While the attorney was a prosecutor in the St. Lawrence *412 County District Attorney’s office, she prosecuted defendant for various charges, including assault in the third degree, aggravated harassment and aggravated unlicenced operation of a motor vehicle. Not long after prosecuting defendant, the attorney became defendant’s attorney, and was his attorney when he entered a plea covering these and other charges. As a result of the plea, defendant was sentenced to probation.
In the converse situation, that is, when an attorney prosecutes a defendant he formerly defended, the conviction must be vacated without the need to show that the conflict operated on the defense or actual prejudice. In People v Shinkle (51 NY2d 417 [1980]), citing to the American Bar Association (ABA) Standards Relating to Prosecution Function and the Code of Professional Responsibility, this Court held that “ [defendant, and indeed the public at large, are entitled to protection against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight * * *” (id. at 421). Defendants have “the right to both the fact and appearance of unswerving and exclusive loyalty on the part of attorneys who represent them” (id.). Even though the defendant would not have entrusted confidential information to the attorney while she was a prosecutor, the rule in Shinkle should apply.
When the appearance of impropriety is consequential, it need not be anchored to the danger of abuse of client confidence (cf. People v Herr, 86 NY2d 638 [1995]). Avoidance of the appearance of impropriety is essential because charges of improper conduct are anathema to the legitimacy of the judiciary, which is dependent on the public perception that its proceedings are impartial and just.
The representation of a defendant by an attorney who prosecuted him gives rise to a consequential appearance of impropriety imbedded in the inherent conflict of interest of being in a position of having to undo charges that the attorney, as a prosecutor, felt were appropriate and just. The conflict is actual, not potential. The relevant authorities bear this out. Standard 4-3.5 (h) of the ABA Standards for Criminal Justice Prosecution Function and Defense Function (3d ed) provides that “[d]efense counsel who formerly participated personally and substantially in the prosecution of a defendant should not thereafter represent any person in the same or a substantially related matter.” Under DR 9-101 (b) (1) of the Code of Professional Responsibility, “[a] lawyer shall not represent a private client in connection with a matter in which the lawyer *413 participated personally and substantially as a public officer or employee * * *” (22 NYCRR 1200.45 [b] [1]). In this context, defendant was the private client. Unlike its counterpart in the ABA Model Rules of Professional Conduct, disqualification may not be waived (rule 1.11 [a] [“(e)xcept as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation”]).
More importantly, the attorney’s conduct in this case appears to violate Judiciary Law § 493, which establishes a per se rule against a former prosecutor defending the same person in the action he or she prosecuted. Judiciary Law § 493 provides as follows:
“An attorney, who directly or indirectly advises in relation to, or aids or promotes the defense of any action or proceeding in any court, the prosecution of which is carried on, aided or promoted by a person as district attorney or other public prosecutor, with whom such attorney is directly or indirectly connected as a partner; or who, having himself prosecuted or in any manner aided or promoted any action of [sic] proceeding in any court, as district attorney or other public prosecutor, afterwards directly or indirectly advises in relation to, or takes any part in, the defense thereof, as attorney or otherwise; or who takes or receives any valuable consideration from or on behalf of any defendant in any such action, upon any understanding or agreement whatever, express or implied, having relation to the defense thereof, is guilty of a misdemeanor.”[1]
*414 This case exemplifies the reason for the prohibition. Several of the charges, particularly the felony charges, arose from defendant’s contact with a woman he formerly dated, and the violation of an order of protection requiring him not to contact her. In prosecuting defendant, the attorney was protecting the victim against him. When defendant was initially charged with second-degree aggravated harassment, the attorney took the position that no reduction would be granted, and that defendant should either plead guilty or go to trial. She also requested a three-year order of protection. The attorney’s job as a defense attorney, to defend defendant against the charges, created an actual conflict. Thus, in light of the condemnation by the ethical rules and the criminal nature of such conduct under the Judiciary Law, an attorney’s representation of a defendant on charges the same attorney brought as a prosecutor gave rise to an actual and consequential conflict of interest that warrants vacating the guilty plea without the need to show that the conflict operated on the defense or the need to show prejudice.
The majority assumes that there was a “potential conflict” and finds that it did not affect the attorney’s representation of defendant, relying on the attorney’s affidavit that defendant agreed to her representation, and that he told the court that he was satisfied with her services. This is not a case of an attorney who undertakes the representation of a client whose interests might be adverse to those of a former client (see People v Ortiz, 76 NY2d 652, 656-657 [1990]). Rather, in this case, the *415 attorney dealt with the same party, once as a prosecutor, and then as defense counsel, in the same proceeding. As soon as the attorney undertook the representation of defendant, she was laboring under an actual conflict based on her prior position as defendant’s prosecutor. While no one would dispute that there would be an actual conflict of interest had the attorney represented defendant while still a prosecutor, an actual conflict existed even though she was no longer a prosecutor at the time she represented him.
Moreover, a waiver of a fundamental right, in this case the right to conflict-free representation, requires a “searching inquiry” by the trial court to determine whether defendant understands the “danger and disadvantages” of giving up the fundamental right (People v Slaughter, 78 NY2d 485, 491 [1991]). No such inquiry took place here.
In any event, the record reveals that the attorney’s prosecution affected her defense. When defendant was arrested on April 5, 1999, based on the violation of the order of protection, he was prosecuted by the attorney. Defendant was incarcerated in lieu of bail, which was set at $2,500. After five months in jail, defendant was arraigned on August 30, 1999, now represented by the attorney. Despite the five months of incarceration, the attorney did not even request that bail be set at a lower amount, or that defendant be released under probationary supervision. Defendant remained in jail until October 12 when he pleaded guilty.
Because the number of charges defendant pleaded guilty to were less than the number of charges against him, the majority concludes that defendant got a good deal. Absent from the record, however, is the evidence that the attorney, as the prosecutor, had against defendant.
The per se rule, that defendant’s conviction must be reversed because his defense counsel prosecuted him in the same proceeding, is based not just on the ethics rules, which are guidelines and are not dispositive (People v Berroa, 99 NY2d 134, 140 [2002]), but on Judiciary Law § 493 which is the law of this state. Significantly, none of the cases cited by the majority concludes that Judiciary Law § 493 can be ignored where a prosecutor becomes the defense attorney in the same case.
In his brief, defendant cites to neither the ethics rules nor Judiciary Law § 493. While the majority concludes that it is unfair to raise an issue concerning Judiciary Law § 493 and the attorney’s representation of defendant, this case is not *416 about the prosecution of the attorney for representing defendant after prosecuting him. Thus, it is irrelevant that the attorney has not had an opportunity to be heard.[2] Rather, this case is about the impact of the attorney’s representation on defendant’s rights.
The impact of Judiciary Law § 493 on this case does not constitute a separate argument that had to be preserved. Instead, Judiciary Law § 493 buttresses defendant’s argument that the attorney’s representation, after prosecuting him in the same proceeding, created a conflict of interest (see State of New York v Green, 96 NY2d 403 [2001] [in an action where the State argued that defendants were owners liable for cleanup costs under Navigation Law § 181 (1), Court took judicial notice of environmental lien provisions of Navigation Law to buttress conclusion that defendants were liable]; compare Shepardson v Town of Schodack, 83 NY2d 894 [1994] [in a negligence action, town initially relied on statute requiring constructive notice, and then sought to rely on a separate statute requiring written notice]). The citing of Judiciary Law § 493 is no different from the citing of a relevant case not cited by the parties.
Even if Judiciary Law § 493 raised a separate issue, its consideration would be appropriate since it can be resolved on the record, and the People could not have countered below the conduct the statute prohibits and the attorney’s conduct (see id.; see also Sega v State of New York, 60 NY2d 183, 190 [1983]).
In addition, no preservation was required here because to have an attorney act as both prosecutor and defense attorney in the same proceeding calls into question the very integrity of the proceeding. Where the whole proceeding is flawed because it violates the Judiciary Law, no preservation is required (People v Agramonte, 87 NY2d 765, 769-770 [1996], citing People v Patterson, 39 NY2d 288, 295 [1976]; People v O’Rama, 78 NY2d 270, 280 [1991]; People v Ahmed, 66 NY2d 307 [1985]; People v Anderson, 16 NY2d 282 [1965]).
In sum, because the defense attorney prosecuted the defendant in the same case, because of the appearance of impropriety, because of the apparent violation of Judiciary Law § 493 *417 and because the dual representation calls into question the integrity of the criminal proceeding, reversal of the conviction is required.
Chief Judge Kaye and Judges Ciparick, Wesley, Rosenblatt and Read concur with Judge Graffeo; Judge Smith dissents and votes to reverse in a separate opinion.
Order affirmed.

. The current provision is almost identical to the original law enacted in 1846, which was divided into three provisions within chapter 120 of the Laws of 1846. Several years later, in 1852, the provisions were shifted to an article dealing with the duties of district attorneys (Rev Stat of NY, part I, ch XII, tit II, art 7, §§ 155-157 [4th ed 1852]). In 1881, the Legislature combined the three provisions into their present form, and placed it within a title of the Penal Code involving miscellaneous crimes (L 1881, ch 676, § 670). The next significant reclassification took place in 1965 when the Legislature transferred the provision to the Judiciary Law as a result of a major effort to rid the Penal Law of provisions that were primarily regulatory, but contained criminal sanctions (L 1965, ch 1031, § 129; Proposed New York Penal Law *414 [Study Bill, 1964 Senate Int 3918, Assembly Int 5376] Commission Foreword, at vii). A diligent search has uncovered no relevant legislative history that would shed light on the intent of the provision. It might be argued that the provision should only be invoked by a district attorney when a defendant’s attorney previously worked in the district attorney’s office. That intent is not apparent from the face of the provision, which, using broad language, prohibits (1) the defense of an action by a partner of the district attorney prosecuting the action, and (2) the defense of an action by a former district attorney who prosecuted the action. Nothing indicates that the Legislature was concerned only with the danger that a former prosecutor would abuse confidential information learned as a prosecutor, but not with the avoidance of the conflict of interest arising from the switching of sides in the same proceeding. It could also be argued that the Legislature did not intend that a violation of the statute would warrant vacating a conviction. That may be true. But the argument of the dissent is not that conduct which appears to violate the provision requires vacating a conviction. That is required by the holding that a defendant has a fundamental right to effective assistance of counsel, which includes the right to conflict-free representation (see Wood v Georgia, 450 US 261 [1981]). Judiciary Law § 493 serves to buttress defendant’s argument that in this case the conflict was actual and consequential.

. It should be made clear that it is not the view of the dissent that the attorney intentionally violated and is guilty under Judiciary Law § 493. Where the question is whether the defendant was denied effective assistance of counsel, it suffices that Judiciary Law § 493 prohibits the conduct engaged in by the attorney.