OPINION OF THE COURT
Richard B. Meyer, J.
*303 Motion by defendant for appointment of a special prosecutor (County Law § 701). Specifically, the defendant, the deputy director of emergency services for Essex County, alleges that he cannot receive fair and equal treatment in being prosecuted for traffic violations because the District Attorney will not consent to dispose of the matter by a reduced plea based upon the District Attorney’s purported concern about the appearance of favorable treatment to a fellow county employee. The District Attorney opposes the motion, denying any unequal treatment of the defendant and asserting that a tentative plea agreement was rejected because the District Attorney will not agree to an Alford plea (North Carolina v Alford, 400 US 25 [1970]) in traffic accident cases involving personal injuries.[1] The defendant asserts that the issue of an Alford plea has no bearing on the motion.
It is the duty of a district attorney “to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected” (County Law § 700 [1]). In so doing, however, a district attorney performs a unique role:
“Unlike other participants in the traditional common-law adversarial process, whose more singular function is to protect and advance the rights of one side, a District Attorney carries an additional and more sensitive burden. It is not enough for him to be intent on the prosecution of his case. Granted that his paramount obligation is to the public, he must never lose sight of the fact that a defendant, as an integral member of the body politic, is entitled to a full measure of fairness. Put another way, his mission is not so much to convict as it is to achieve a just result (.Berger v United States, 295 US 78, 88; People v Petrucelli, 44 AD2d 58, 59; Code of Professional Responsibility, EC 7-15).” (People v Zimmer, 51 NY2d 390, 393 [1980].)
The rule is well settled “that a District Attorney is presumed to act impartially and therefore has full discretion to decide *304 whom to prosecute. (People v Claudio, 130 AD2d 759 [2d Dept 1987]; People v Fielding, 158 NY 542; People v DiFalco, 44 NY2d 482, 486.)” (People v Nelson, 167 Misc 2d 665, 670 [1995].) “The District Attorney has broad discretion in determining when and in what manner to prosecute a suspected offender” (People v Di Falco, 44 NY2d 482, 486 [1978]).
A defendant is not entitled to a plea bargain as a constitutional right, and negotiations are a matter of prosecutorial discretion (People v Cohen, 186 AD2d 843 [1992]; see also Weatherford v Bursey, 429 US 545 [1977]). A defendant has the right to plead guilty only to the crimes charged in the accusatory instrument (CPL 170.60, 220.10, 340.20 [1]), including traffic infractions for which the plea may be entered by mail (CPL 340.20 [2] [b]; Vehicle and Traffic Law § 1805), and may plead guilty to a lesser included offense only “with both the permission of the court and the consent of the people” (CPL 220.10 [3], [4]; 340.20 [1]). It is thus within the sound discretion of an elected district attorney to decide whether and on what terms a plea bargain will be offered involving a plea to a lesser included offense.
A court may not lightly undertake to disqualify a district attorney, “a constitutional officer chosen by the electorate and whose removal by a court implicates separation of powers considerations” (People v Nelson, 167 Misc 2d 665, 672 [1995]; see also People v Zimmer, 51 NY2d 390 [1980]; People v Shinkle, 51 NY2d 417 [1980]).
“The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence (e.g., People v Zimmer, 51 NY2d 390, supra; People v Shinkle, 51 NY2d 417, 421)” (Matter of Schumer v Holtzman, 60 NY2d 46 [1983]).
An appearance of impropriety, standing alone, will not justify disqualification (see People v Early, 173 AD2d 884 [1991], lv denied 79 NY2d 1000 [1992]).
Here, the claim of a conflict of interest due solely to the fact that both the defendant and the District Attorney are county officers and employees is overbroad and without merit. No conflict of interest has been found in cases where a defendant and a prosecutor had a previous attorney-client relationship (People v English, 215 AD2d 774 [1995]; People v Vanderpool, 217 AD2d 716 [1995] [prosecuting attorney represented defendant in a criminal case 10 years earlier and members of the defendant’s *305 family on prior occasions]; People v George, 137 AD2d 876 [1988] [prosecuting attorney represented defendant in unrelated matter eight years earlier]); a defendant’s prior attorney was appointed as an assistant district attorney during the pendency of the criminal proceeding (People v Early, 173 AD2d 884 [1991]); the law firm of the district attorney’s spouse represented clients who were opposed to defendant’s interests (People v Bombard, 203 AD2d 711 [1994]); the arresting officer later became an assistant district attorney in the same office at the time he testified against defendant in the same case (see People v Freeman, 172 AD2d 1045 [1991]); or the medical examiner who testified at the trial was the father of the prosecuting attorney (People v McCullough, 141 AD2d 856 [1988]). The employment status of the defendant and the District Attorney is too remote a circumstance to constitute a conflict of interest sufficient to warrant disqualification of the District Attorney.
Also, no actual prejudice to the defendant has been demonstrated. Rather, the defendant has only established that the District Attorney, in the exercise of her broad discretion, decided not to extend a plea offer to a lesser charge. No proof has been submitted that the District Attorney has any established policy of extending plea offers, consisting of a guilty plea to one or more lesser included offenses, to persons charged with the same offenses as lodged against the defendant.
To the extent that an Alford plea — one in which a defendant pleads guilty without admitting to the facts of the crime (North Carolina v Alford, supra) — plays any part in this dispute, it is within the discretion of the District Attorney to include it as part of a plea offer.
“ Alford pleas are — and should be — rare’ (Matter of Silmon v Travis, 95 NY2d 470, 474) and . . . ‘pleading guilty to anything less than what is charged or by way of an Alford plea is left entirely to the discretion of the People, subject to County Court’s consent’ (People v Haas, 245 AD2d 825, 826)” (People v Powers, 292 AD2d 687, 688 [2002]).
Ultimately, it remains for the court to decide whether to accept an Alford plea since courts are not obligated to accept one[2] (see People v Moret, 290 AD2d 250 [2002], lv denied 98 NY2d 639 [2002]).
*306 The defendant has failed to establish the existence of a conflict of interest or demonstrate actual prejudice from any such conflict, and the dispute here arises out of matters falling within the broad discretion granted to a district attorney. The application for the appointment of a special prosecutor is therefore denied.

. The effect of an Alford plea in criminal and civil proceedings is the same as any other guilty plea (Matter of Silmon v Travis, 95 NY2d 470 [2000]; see also Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495 [1984]). In civil cases, it thus constitutes an admission not barred by the hearsay rule (see Ando v Woodberry, 8 NY2d 165 [1960]; see also Matter of Cumberland Pharmacy v Blum, 69 AD2d 903 [1979]) for which a defendant is entitled to give an explanation of his reasons for pleading guilty. It is then left to the factfinder to evaluate his/her plea and testimony and accord the same such weight, if any, as it deems appropriate (Ando v Woodberry, 8 NY2d at 171).

. An Alford plea can be accepted even though a defendant professes innocence and fails to recite the factual elements of the offense (see People v Walton, 248 AD2d 803 [1998], Iv denied 92 NY2d 908 [1998]). Before a court can accept such a plea, there must be a recitation on the record of the *306 prosecution’s proof of guilt (see People v Jeffrey, 157 AD2d 909 [1990]) establishing “strong evidence of actual guilt” (Silmon v Travis, 95 NY2d at 475) and an allocution by the defendant evidencing that it is knowingly, voluntarily and intelligently made (see People v Crandall, 272 AD2d 717 [2000]).