OPINION OF THE COURT
ShawnDya L. Simpson, J.
The defendant brought a motion to vacate his judgment of conviction rendered on April 3, 1992, after a jury trial, for murder in the second degree, pursuant to Criminal Procedure Law § 440.10. By decision and order dated July 18, 2014, the defendant’s motion was granted to the extent that a hearing was ordered. The defendant asserts that his Sixth Amendment right to counsel was violated because of the conflict of interest that existed with his prior attorney joining the District Attorney’s office during the pendency of his case. The defendant also asserts his subsequent counsel was ineffective in failing to seek the appointment of a special prosecutor to avoid the conflict of interest. A motion to compel discovery and for sanctions was also filed by the defense. A reply in opposition to each motion was filed by the People. For the foregoing reasons, the defendant’s motion to vacate the judgment is hereby granted and a new trial is ordered.
“The Court of Appeals has established that when a defense attorney who represents a defendant during the initial stages of a criminal proceeding becomes employed by the District Attorney’s office that is prosecuting the defendant’s ongoing case, the defendant and the public are given ‘the unmistakable appearance of impropriety and [the situation] create [s] the continuing opportunity for abuse of confidences entrusted to the attorney during the months of his [or her] active representation of defendant’ ” (People v Good, 62 AD3d 1041, 1042 [3d Dept 2009], citing People v Shinkle, 51 NY2d 417, 420 [1980]).
As it has been explained, disqualification and reversal are required in instances where the
“ ‘risk of prejudice attendant on the abuse of confidence, [however slight]’ ... is necessary to prevent situations in which former clients must depend on the good faith of their former lawyers *186 turned adversaries to protect and honor confidences shared during the now extinct relationship. In those situations the risk of abuse is obvious” (People v Herr, 86 NY2d 638, 641 [1995], citing People v Shinkle, 51 NY2d at 421).
The standard for reversal in cases that involve conflict of interest requires that the defendant be prejudiced or that there was a substantial risk of abuse of the defendant’s confidences (People v Adams, 20 NY3d 608 [2013]; People v Cioffi, 105 AD3d 971 [2d Dept 2013], quoting People v English, 88 NY2d 30, 33-34 [1996]).
The defendant specifically argues that he was prejudiced or, at a minimum, that there was a “substantial risk of an abuse of confidence” since his original counsel represented him for about IV2 years before joining the District Attorney’s office (People v Adams, 20 NY3d 608, 612 [2013], citing Matter of Schumer v Holtzman, 60 NY2d 46 [1983], and People v Shinkle, 51 NY2d 417 [1980]). The record has established that the defendant’s original counsel, Michael F. Vecchione, worked on his case to the point that he had interviewed witnesses, was absorbed in the case, and was instrumental in the defendant’s preparedness for trial. Mr. Vecchione made approximately 20 court appearances in the defendant’s case. He conducted the investigation and worked solely on the case. The defendant established that his original counsel was intimately familiar with the details of his case to compromise or place at risk any confidences with an adverse relationship. In this instant action, there was a conflict of interest which at least created a substantial risk that the defendant’s confidence would be abused.
The defendant’s case began as early as September 27, 1989, and his original counsel was relieved of his duties some time after November 1991 as his employment with the District Attorney’s office was set to begin in January 1992. Mr. Vecchione accepted employment with the District Attorney’s office in October 1991 after submitting an application for employment with that office in or around January 1991. On January 6, 1992, Mr. Vecchione was assigned to the Homicide Bureau and on March 24, 1992, he was assigned to the trial cadre as Chief of the Trial Division, this during the pendency of the defendant’s trial. Thereafter, on November 1, 1993, Mr. Vecchione was made an executive in the District Attorney’s office, demonstrating that he was an influential and authoritative figure in *187 the office. The substantial risk of a breach of the defendant’s confidences is very real under the circumstances shown and a conflict based ineffective assistance of counsel is presented (see People v Adams, 20 NY3d 608 [2013]).
The defendant has provided evidence to support the contention that the outcome of his case may have been affected or compromised by the defendant’s original counsel’s subsequent employment with the District Attorney’s office. The defendant’s conviction and the established conflict that existed provide a showing of substantial risk of abuse of the defendant’s confidences (see i.e. People v Adams, 20 NY3d 608 [2013]; see also People v English, 88 NY2d 30 [1996]). The People assert the prosecutor in this case, Mr. Keogh, was aware that there was a possible conflict with Mr. Vecchione, the defendant’s original trial counsel, and stated that there was no interaction with Mr. Vecchione and that a separation between the two was effective. However, this assertion alone does not negate the fact that the two, by Mr. Keogh’s own admission, conversed and existed in the same office.
There is no cause to assume that Mr. Vecchione would not have shared information concerning the defendant’s case with his office. There was no concerted plan, system or mechanism set in place to ameliorate the conflict of interest and substantial risk of breach of the defendant’s confidences (see People v Shinkle, 51 NY2d 417 [1980]). There was no means to prevent the denial of zealous advocacy that continued to be due from the defendant’s former counsel (see People v Cristin, 30 Misc 3d 383 [Sup Ct, Bronx County 2010]). The existence of the conflict and Mr. Vecchione’s supervisory role and employment in the same office with the defendant’s prosecutor provided a circumstance for information to be shared and for Mr. Vecchione to have some influence on the defendant’s case after joining the District Attorney’s office.
The evidence proffered is sufficient to establish that the defendant’s case was at a substantial risk of being compromised because of his original trial counsel’s subsequent employment with the District Attorneys’ office. Defendants who are criminally prosecuted have a right to actual zealous advocacy that is not compromised and the appearance of “unswerving and exclusive loyalty” from their attorney (People v Herr, 86 NY2d 638, 641 [1995]). A prosecutor’s office must be disqualified where it employs an attorney who represented a defendant “when there is a risk of prejudice attendant on the abuse of *188 confidence” (id.). As stated, there is no indication that a mechanism was deliberately and thoughtfully put in place to avoid the breach of confidence or its appearance (see e.g. People v Shinkle, 51 NY2d 417 [1980] [where deliberate system of isolation implemented]).
Contrary to the People’s contention, the defense has demonstrated that there was a conflict of interest that substantially jeopardized the defendant’s case and created the appearance of impropriety. The defendant has presented documentary evidence that supports a contested fact concerning the validity of the judgment (see People v Jaikaran, 33 Misc 3d 137[A], 2011 NY Slip Op 52061 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). The question of the defendant’s innocence is not determinative at this juncture as the defense has established that there was a substantial risk of abuse of the defendant’s confidences and the appearance of impropriety (see i.e. People v Adams, 20 NY3d 608 [2013]; see also People v English, 88 NY2d 30 [1996]). Consequently, a new trial must be ordered given the established conflict of interest and demonstrated substantial risk of abuse of the defendant’s confidences.
Accordingly, the defendant’s motion to vacate his judgment of conviction is granted and a new trial is ordered.
The defendant’s motion for discovery, sanctions, an adverse inference, and for a hearing to reconstruct the People’s file is denied as these reliefs were sought in the alternative.