People v Breedan (2021 NY Slip Op 02173)





People v Breedan


2021 NY Slip Op 02173


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10485
 (Ind. No. 5421/91)

[*1]The People of the State of New York, respondent,
v
Darren Breedan, appellant.


Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated July 10, 2018, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Robert S. Kreindler, J.) rendered March 25, 1993, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith and a new determination thereafter of the defendant's motion pursuant to CPL 440.10 to vacate the judgment rendered March 25, 1993.
In 1991, the defendant, along with codefendant Orin Bobb and two others, were charged by Kings County indictment, inter alia, with acting in concert to commit the offenses of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree (three counts). Bobb was initially represented by Michael Vecchione. In January 1992, Vecchione joined the Kings County District Attorney's office, and new counsel was appointed for Bobb. In April 1992, the defendant was offered a plea and cooperation agreement. The agreement was signed and approved, on behalf of the Kings County District Attorney's office, by Michael Vecchione, as Chief of the Trial Division-Trial Cadre.
The defendant rejected the plea agreement and a jury trial was held, after which he was acquitted of the murder charges and convicted of criminal possession of a weapon in the second degree (two counts). The defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, asserting that his conviction was obtained in violation of his due process rights in light of Vecchione's participation in the prosecution of his case. The Supreme Court denied the motion without a hearing. A Justice of this Court granted the defendant leave to appeal.
A prosecutor's "paramount obligation is to the public" (People v Zimmer, 51 NY2d 390, 393), and "a defendant, as an integral member of the body politic, is entitled to a full measure of fairness" from that public officer (id. at 393). Here, the defendant asserts, among other things, that Vecchione was in a position to use privileged information learned through prior representation of the defendant's accomplice in the crime charged, thus giving the People an unfair advantage in [*2]the defendant's case (see generally Matter of Schumer v Holtzman, 60 NY2d 46, 55). Generally, a public prosecutor should not be removed from prosecuting a case "unless necessary to protect a defendant from 'actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence'" (People v English, 88 NY2d 30, 33, quoting Matter of Schumer v Holtzman, 60 NY2d at 55). "[T]he appearance of impropriety, standing alone, might not be grounds for disqualification" (People v Herr, 86 NY2d 638, 641 [internal quotation marks omitted]).
Under the particular circumstances of this case, in which evidence was presented suggesting that Vecchione was directly involved in the defendant's prosecution after having represented his accomplice in the charged crime (cf. People v English, 88 NY2d at 33-34; People v Dennis, 141 AD3d 730, 732), questions of fact existed as to whether the defendant suffered "actual prejudice or a substantial risk of an abused confidence" so as to warrant vacatur of his conviction (People v English, 88 NY2d at 34; see People v Tessitore, 178 AD2d 763, 764).
Furthermore, contrary to the Supreme Court's conclusion, we cannot say on this record that the defendant's contention was subject to the discretionary procedural bar set forth in CPL 440.10(3)(c). Although the defendant made prior motions to vacate his conviction pursuant to CPL 440.10, the defendant presented evidence that, never having appeared in open court with Bobb during the prosecution of the present indictment, he did not learn of Vecchione's representation of Bobb until 2011. Since the defendant's last CPL 440.10 motion was made in 2003, it cannot be said on this record that "[u]pon a previous motion made pursuant to [CPL 440.10], the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so" (CPL 440.10[3][c]).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing on the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, and thereafter a new determination of the motion.
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court