■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTWON DENNIS, Respondent. [37 NYS3d 276]—

Appeal by the People from an order of the Supreme Court, Kings County (Simpson, J.), dated March 16, 2015, which

granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered May 18, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and directed a new trial.

Ordered that the order is reversed, on the law, the defendant's motion to vacate the judgment rendered May 18, 1992, is denied, the judgment is reinstated, and the matter is remitted to the Supreme Court, Kings County, which, upon at least two days' notice to the defendant and his attorney, shall promptly direct the defendant to surrender himself to the court in order that execution of the judgment may resume, if appropriate.

In September 1989, the defendant was indicted and charged with murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. On July 13, 1990, attorney Michael Vecchione was assigned to represent the defendant pursuant to County Law article 18-B (County Law § 722). After the assignment, Vecchione interviewed witnesses, conducted an investigation, and made numerous court appearances. In October 1991, Vecchione accepted a position with the Kings County District Attorney's office (hereinafter the District Attorney's office), and commenced working in that office in January 1992. Because that office was prosecuting the defendant's case, Vecchione was relieved as the defendant's counsel on November 19, 1991, and, on November 27, 1991, attorney John Monteleone was assigned to represent the defendant.

The defendant's jury trial was held in April 1992. Prosecutor Gerard Keogh of the District Attorney's office represented the People. During the trial, Keogh stated that he was aware of a potential conflict of interest involving Vecchione, and that he had purposely avoided Vecchione. At the conclusion of the trial, the jury convicted the defendant of murder in the second degree and criminal possession of a weapon in the second degree. He was sentenced to concurrent terms of imprisonment of 25 years to life on the murder conviction and 5 to 15 years on the possession of a weapon conviction.

Thereafter, the defendant made two motions pursuant to CPL 440.10 to vacate the judgment, one in January 1995 and one in May 2005. The defendant did not argue in either motion that Vecchione's employment with the District Attorney's office created a potential conflict of interest, or that Monteleone was ineffective for failing to move for a special prosecutor. From 2004 to 2011, the defendant also applied for two writs of error coram nobis and one writ of habeas corpus, and made one mo-

tion pursuant to CPL 440.20. In his second application for a writ of error coram nobis, which he made in December 2006, the defendant argued that his appellate counsel was ineffective for failing to argue that members of the District Attorney's office, including Keogh, should have been disqualified from prosecuting his case because Vecchione had joined the District Attorney's office, thereby infecting it with a conflict of interest, and that Monteleone was ineffective for failing to move for recusal or a mistrial based on the conflict of interest. This Court denied the defendant's application.

In October 2013, the defendant made a third motion pursuant to CPL 440.10 to vacate the judgment. He asserted that Vecchione had begun his employment with the District Attorney's office in January 1992 as the Deputy Chief of the Homicide Bureau, and that in March 1992 he had been promoted to Chief of the Trial Division. The defendant argued that the Homicide Bureau and the Trial Division were directly responsible for prosecuting his case, and that Vecchione's acceptance of employment at the District Attorney's office while he was representing the defendant in his criminal case created a conflict of interest and violated his right to counsel. He also contended that Monteleone was ineffective because, even though he knew that Vecchione had started working for the District Attorney's office, he failed to move for the appointment of a special prosecutor to prosecute the case.

In opposition to the motion, the People submitted an affirmation from Keogh in which he affirmed that, prior to the defendant's trial, he was aware that Vecchione had represented the defendant, and that he had spoken with Vecchione only once, and at that time told him that he would have no contact with him concerning the defendant's case. Keogh affirmed that he had not had any interaction with Vecchione regarding the defendant's case or any other matter, and that Vecchione was never his supervisor. The People also submitted an affirmation from an attorney in the District Attorney's office, in which the attorney affirmed that she had a telephone conversation with Vecchione in December 2014, and that Vecchione had stated that he did not have a supervisory role in 1992 while he was assigned to the Homicide Bureau, that he would not have had any contact with cases assigned to the trial bureau of the District Attorney's office, that he had no recollection of having had any contact with cases assigned to the trial bureaus, and that, after joining the District Attorney's office in January 1992, he had no contact whatsoever with any of the cases that he had handled as a defense attorney.

The Supreme Court granted the defendant's motion to vacate the judgment and directed a new trial. The court determined that Vecchione leaving his position as the defendant's attorney to work for the District Attorney's office "was a conflict of interest which at least created a substantial risk that the defendant's confidence would be abused," and that the circumstances presented "a conflict-based ineffective assistance of counsel" claim. The People appeal.

The Supreme Court erred in granting the defendant's motion to vacate the judgment, as the defendant could have raised his claims significantly sooner, and his extraordinary delay in bringing his claims would greatly prejudice the People's ability to retry the case (see CPL 440.10 [3] [c]; People v Cochrane, 27 AD3d 659, 659 [2006]). In any event, to warrant vacatur of a conviction on the ground that defense counsel had a conflict of interest, "[a] defendant must establish actual prejudice or a substantial risk of an abused confidence" (People v English, 88 NY2d 30, 34 [1996]). The defendant has not shown either circumstance to be the case here. Additionally, Monteleone provided "meaningful representation," and the defendant has not shown that Monteleone was ineffective for failing to move for the appointment of a special prosecutor (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Henry, 95 NY2d 563, 565 [2000]; People v Benevento, 91 NY2d 708, 712 [1998]). Accordingly, the court should have denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment. Rivera, J.P., Balkin, Cohen and Hinds-Radix, JJ., concur.